### In the Matter of " BEVERLY WINTERS ", an Infant.*

Children's Court, Warren County, November 16, 1955.

■■■■■■■■■■■■■■■■

---

\* Name used herein is fictitious for the purpose of publication.

*James S. Riley* for petitioner.

*John S. Hall* for respondents.

RINGWOOD, J. This is a neglect proceeding brought on the petition of the attendance officer of the Warrensburg Central School District in which it is alleged that " Beverly Winters ",

a child who became seven years of age on July 1, 1955, is '' unlawfully kept out of school by her parents ''.

No testimony was taken, but after an informal pretrial conference, the matter was submitted on the following agreed facts:

(1) That the child, '' Beverly Winters '', is seven years of age.

(2) That the child attended kindergarten in the Warrensburg Central School for the 1953–1954 school year but lost a small portion of the year due to illness.

(3) That the child did not attend any school during the 1954–1955 school year.

(4) The child was entered in the kindergarten at the beginning of the 1955–1956 school year and was given a Metropolitan Readiness Test.

(5) On the basis of the school authorities' interpretation of the results of the readiness test the child and her parents were informed that she would not be admitted to first grade and must continue to go to kindergarten. A like test with the same results was given at the end of the 1953–1954 school year.

(6) That the child attended kindergarten approximately twenty days of the current school year and at the end of that time was withdrawn from attendance by her parents for the reason that she was not permitted to attend first grade.

(7) That the parents are ready, willing and able to send the child to school so long as she is entered into first grade.

The respondents have not raised a defense that the child is receiving instructions elsewhere than in the public school. It is presumed that she is not.

The question for determination is whether or not there has been a violation of the compulsory education features of the Education Law, or to put it another way, can a seven-year-old child be compelled to attend kindergarten. I think not.

Section 3205 of the Education Law requires that each minor from seven to sixteen years of age shall attend upon full daytime instruction. The required courses of study are outlined in section 3204, in part, as follows: '' 3. Courses of study. a. (1) The course of study for the first eight years of full time public day schools shall provide for instruction in at least the eleven common school branches of arithmetic, reading, spelling, writing, the English language, geography, United States history, civics, hygiene, physical training and the history of New York State.''

If this child were getting proper instructions in these subjects elsewhere than in the public school system, there would be no

violation and, therefore, it must necessarily follow that education in other courses, i.e., kindergarten, is not required. Necessary to this decision is a finding that subdivision 3 of section 3204 does not include kindergarten teachings and I so find.

I do not have the authority to direct that the board of education be compelled to accept this child in first grade. It would seem from a first reading of the *Matter of Isquith* v. *Levitt* (285 App. Div. 833); *Matter of Barrett* (50 N. Y. St. Dept. Rep. 481) and *Matter of Clark* (67 N. Y. St. Dept. Rep. 3) that promotions from kindergarten are subject to rules based on training, knowledge and ability regardless of age. In the *Isquith* and *Clark* cases, the children were under seven years of age. The age of the Barrett child is not revealed in the opinion of the commissioner. The wording of subdivision 1 of section 1712 of the Education Law should be ample authority for a decision that the reasoning of these cases should not be extended to cases involving seven-year-olds. The legislative intent to create permission to establish kindergartens for the four to six-year-olds is clear. That section gives further permission to the boards to fix a higher minimum age for admission but is silent as to authority to change the maximum. Further, to extend the reasoning would work a hardship on the children who would be caught in the middle of a legal anomaly.

I find that " Beverly Winters " is not required to attend kindergarten, is not neglected, and the petition is dismissed. I suggest to her parents that they either appeal to the Commissioner of Education from the ruling of the board or seek a review under article 78 of the Civil Practice Act and to enter the child in kindergarten pending a decision.