■ In the Matter of ERIC M. et al. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; IRIS M. et al., Respondents. — Order of Family Court, Bronx County (Nason, J.), entered June 29, 1982, dismissing neglect petition for insufficiency, unanimously reversed, without costs, the petition granted and the proceeding remanded for a dispositional hearing. At about 5 o'clock on the afternoon of March 15, 1982, a fire broke out in respondents' apartment on East 149th Street in The Bronx. The three children who are the subjects of this proceeding, ages six, four and four months, were rescued from the smoke-filled apartment by the owner of the building. The four year old conceded that he had started the fire by playing with matches. Respondent Iris M. is the mother of the three children; respondent Arturo G. is the father of the four-month-old infant. A police officer responding to the scene testified that Iris returned some 40 minutes later, as he was removing the children to the precinct, but she insisted that she had been gone for only 10 minutes. Arturo never did arrive upon the scene while the officer was there. This was actually the second incident of its kind in a space of two months. On a January evening this year another fire had broken out inside the apartment, at which time the two older children were locked inside alone. On that occasion the building

owner had to break down the door and rescue the children from the smoke-filled apartment, throwing a burning mattress out of the window in the process. The Commissioner of Social Services then petitioned to deprive respondents of custody based upon their neglect of the children, under article 10 of the Family Court Act. At the close of trial the court mildly rebuked respondents with a caution that "leaving children unattended in the presence of fire-making materials is a very sad thing to do", and then dismissed the petition on the ground that the lapse in time between the two incidents refuted any pattern of neglect. We think the facts indicate otherwise. In the first place, there was evidence that the children were found alone and unsupervised by a caseworker as early as June, 1981, seven months before the first fire. While an argument might be made that that incident was too remote in time to be connected in a pattern with the incidents in January and March, 1982, there is no excuse for respondents to have left the children alone and unsupervised in March, 1982, with access to matches, just two months after the occurrence of a life-threatening incident. Leaving the children alone in March, especially in light of the recent experience in January, evidenced a failure to exercise even a minimum degree of care such as placed the children in imminent danger of impairment of their physical well-being (Family Ct Act, § 1012, subd [f], par [i]). Respondent Arturo argues that his natural child, the four-month-old infant Daisy G., born in December, 1981, was not in the apartment at the time of the January, 1982 fire, and thus no pattern of neglect can be shown against him. But Arturo was legally responsible for the welfare of all three children (Family Ct Act, § 1012, subd [g]), and thus must share the responsibility for neglecting the children on March 15. The fact that Daisy G. was not involved in the January fire incident does not negate the conclusion that Arturo was equally neglectful by leaving infant children at home with easy access to fire-making materials just a short time after the previous life-threatening incident. By such conduct Arturo has called into question his ability to care properly for any child in his custody, be it natural born to him or otherwise. Should there be any reason to believe that Arturo would act in a more responsible manner toward his own natural child than toward the mother's other two children, this can be developed at the dispositional hearing. Concur — Sandler, J. P., Bloom, Fein, Asch and Milonas, JJ.