DANIEL RAYNOR, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64664.) — Appeal from a judgment of the Court of Claims (McMahon, J.), entered April 18, 1983, which dismissed the claim. Claimant was injured on May 6, 1979 while a passenger on a motorcycle driven by Daniel Ackert. The accident occurred while the two were proceeding east on route No. 143 in the Town of Coeymans, Albany County. At a curve in the road, Ackert went onto the shoulder and down an embankment where both he and claimant were thrown off the motorcycle. Claimant sustained injuries to his leg and arm for which he seeks recovery. Claimant contended that his injuries resulted from the State's negligent maintenance of the road; that is, in knowingly permitting a bump to exist on the road which straightened the cycle upright and made it go onto the shoulder of the road. It was claimant's contention that the State should have posted notice of the bump or should have removed it. It was also alleged that the drop-off from the road proper to the shoulder was three to four inches at the accident scene. Claimant's expert contended that the drop-off was in excess of the maximum allowable for a class "B" roadway such as route No. 143. It was alleged that any drop-off of over one and one-half inches adversely affected claimant's ability to control the cycle. Claimant further contended that the State was negligent in not giving notice that the shoulders of the road were soft, as this condition affected a motorcyclist's ability to maneuver on such a surface. The State contended that there was no bump in the road at the scene of the accident and generally denied the other contentions of the claimant. The trial court found that claimant had failed to sustain his burden of proof as to the existence of a bump on the road. No negligence attributable to the State having been adduced, the trial court dismissed the claim. It is

contended on this appeal by claimant that the determination of the Court of Claims as to the existence of a defective bump on the road was contrary to the weight of evidence. We decline to so hold. The testimony of witnesses for claimant and the State on this issue varied. The trial court's resolution of the credibility of the respective witnesses is peculiarly within its domain and should not be disturbed by the appellate court if adequately supported in the record (see *Schoonmaker v State of New York,* 32 AD2d 1005, 1006). We find that the record sustains the finding of the trial court. Turning to claimant's alternate theories of liability, we note that he alleged that the drop-off from the paved road to the shoulder was in excess of the maximum drop-off for a class "B" roadway; that the soft shoulder made control of a cycle more difficult, and that these conditions should have been posted to forewarn drivers. The record discloses that the trial court failed to make any findings of fact and law on these issues. We are unpersuaded by the State's contention that these theories were abandoned by claimant. To the contrary, claimant contended and elicited eyewitness and expert testimony that his injuries resulted from the excessive drop-off, from the soft shoulders, and from the failure of the State to post warning signs as to both conditions. The Court of Appeals has recently commented in a relevant case, *Bottalico v State of New York* (59 NY2d 302), as follows: "In providing a roadway itself, the State has a duty to maintain it in a reasonably safe condition (see *Gutelle v City of New York,* 55 NY2d 794, 795; *Tomassi v Town of Union,* 46 NY2d 91, 97; *Annino v City of Utica,* 276 NY 192, 196). A comparable duty exists when the State undertakes to provide a shoulder adjacent to the roadway. It must maintain the shoulder in a reasonably safe condition for the foreseeable uses of it" (*id.,* at p 305). We therefore withhold our determination of this appeal and conclude that the matter must be remitted to the Court of Claims for appropriate findings of fact and law on the alternate theories of negligence not addressed by the court. Decision withheld, and matter remitted to the Court of Claims for further proceedings not inconsistent herewith. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.