(February 14, 1985)

■ In the Matter of VICTORIA SS. et al., Alleged to be Abused and Neglected Children. WILLIAM R. MOON, as Commissioner of Delaware County Department of Social Services, Respondent; ANNETTE SS., Appellant. (And Two Other Related Proceedings.) — Main, J. Appeal from orders of the Family Court of Delaware County (Estes, J.), entered January 19, 1984, which, *inter alia,* found one of respondent's children to be abused and all of respondent's children to be neglected, and placed the children in petitioner's custody for a period of 18 months.

This appeal by respondent concerns three petitions alleging that respondent's four children were neglected and abused children. The children's father did not appear at the Family Court proceedings and is not involved in this appeal. Respondent challenges the determinations by Family Court that her four children are neglected children under Family Court Act § 1012 (f) (i) (B) and that one daughter had been abused by respondent under Family Court Act § 1012 (e) (ii).

Initially we note that even a cursory review of the record reveals that the testimony at the Family Court hearing was conflicting, contradictory and confusing. Several witnesses changed their testimony and presented various versions of certain events. On such a record, the credibility of the witnesses was best assessed by Family Court, which had the opportunity to observe the witnesses during their testimony (*see, e.g., Raynor v State of New York,* 98 AD2d 865, 866). Our review of the record has been undertaken accordingly.

We conclude that Family Court did not err in determining that respondent's son Vincent was a neglected child. The record reveals that a Pennyslvania court determined in 1982 that Vincent had been physically abused by his father and that

respondent was aware of such abuse but failed to protect her son from his father. Accordingly, Vincent was placed in the custody of respondent's parents. Less than one year later, respondent gained custody of Vincent by order of Kings County Family Court, which was told by respondent that she desired to reunite Vincent with his sisters and that she was able to care for the children properly. Nonetheless, within a short time, respondent agreed to joint custody with the children's father, who was given physical possession of Vincent. That the father remained of a violent disposition is revealed by respondent's testimony that he had been arrested since the Pennsylvania court determination "[d]isturbing the peace or fighting" and "[f]or hurting me and my son" and that he was on probation. Indeed, respondent testified that only a week earlier she had petitioned Family Court alleging mental abuse by her husband. By transferring physical possession of Vincent to his father, whose violent nature, especially toward Vincent, is revealed by the above facts, respondent could be found to have "evidenced a failure to exercise even a minimum degree of care such as placed [Vincent] in imminent danger of impairment of [his] physical well-being" (*Matter of Eric M.*, 90 AD2d 717, 718; *see,* Family Ct Act § 1012 [f] [i]; *see also, Matter of Katherine C.,* 122 Misc 2d 276, 279). Accordingly, Family Court properly determined that Vincent was a neglected child. Because such facts as recited above indicate a continued and recent pattern of unacceptable conduct by the father vis-à-vis Vincent, we do not find Family Court's reliance on the father's Pennsylvania conduct and failure to appear and testify at the hearing to be reversible error, if it was error at all.

We also find no error in Family Court's conclusion that respondent's daughter Theresa was a neglected and abused child. There was sufficient testimony, credited by Family Court, that respondent held Theresa's head under water in a bathtub for a substantial time and that a third party had to intervene physically to save Theresa from drowning. Further testimony indicated that this incident occurred after respondent had threatened to kill Theresa and had hit her in the face. Such evidence clearly demonstrates that Theresa was an abused and neglected child under Family Court Act § 1012 (e) (ii); (f) (i) (B).

Although the testimony concerning this bathtub incident was among the most sharply contested at the hearing, we, as noted above, defer to Family Court's assessment of the witnesses' credibility. In this regard, we note that most, if not all, of the witnesses were unclear about the dates on which various events occurred. Furthermore, there is no credible evidence of coercion

of one of petitioner's witnesses on the part of petitioner by withholding a welfare check to ensure favorable testimony from the witness. This witness reported the bathtub incident before any check had been withheld; any such withholding was brief and for other, unrelated purposes. We also find no error in allowing respondent's credibility to have been impeached by evidence of her violation of an earlier court order, which constitutes a contempt of court, inasmuch as specific instances of prior misconduct can be used to impeach a witness (see, Richardson, Evidence § 498, at 482-484 [Prince 10th ed]).

Finally, we find no error in the determination that respondent's daughters Victoria and Vanessa were neglected children under Family Court Act § 1012 (f) (i) (B). There was testimony that respondent had hit Victoria in the face with a belt and had punched Vanessa in the face with a closed fist. Other testimony revealed that respondent left her daughters alone at night without adult supervision. Furthermore, the proof deduced as to the abuse and neglect of Theresa was admissible on the issue of the neglect of Victoria and Vanessa (Family Ct Act § 1046 [a] [i]). This combination of testimony, considered together, is sufficient to establish that Victoria and Vanessa were neglected children.

Orders affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.