OPINION OF THE COURT
Robert L. Estes, J.
The petition of the Delaware County Commissioner of Social Services verified May 7, 1984 alleges that the two elementary school-age children of the respondents are neglected by reason of failure of the parents to exercise a minimum degree of care in supplying them with an education in accordance with the provisions of Education Law, article 65, part I. Although the specific claim is that the parents have failed to provide the appropriate officials of the school district with evidence of compliance with Education Law § 3204 and have failed to give the officials of the school district an adequate opportunity to evaluate the education being provided, the petition gives fair notice that the essence of the petitioner’s claim is that the children are not receiving instruction which is “at least substantially equivalent to the instruction given to minors of like age and attainments at the public schools of the city or district where the minor resides.” (Education Law § 3204 [2].)
On the return day of the petition, the attorney for the petitioner, the Law Guardian, the respondents and their attorney *380 all appeared. Upon the consent of the parties, the case was adjourned in contemplation of dismissal pursuant to the provisions of Family Court Act § 1039. Upon application of the petitioner, the case was restored to the calendar of this court for fact finding by order of this court dated January 14, 1985. Pursuant to due notice of this court, a fact-finding hearing occurred May 8,1985, at which the respondents were present in person, and elected to proceed without their attorney. The court heard evidence from three witnesses called by the petitioner, and several documents were received in evidence. After the petitioner rested his case, the respondents elected to stand mute, challenging the jurisdiction of this court to hear the matter because they had changed their residence from Delaware County to Otsego County between the date of the order adjourning the case in contemplation of dismissal and the date of the fact-finding hearing. The Law Guardian has submitted a thorough, thoughtful and insightful report.
The evidence indicates that the respondents have all the materials required to provide satisfactory instruction to their children. The superintendent rendered the opinion that if the respondents “work hard at the lower levels, they might be successful.”
Concerning the home education methodology, however, both the principal of the elementary school in the district in which the children resided at the times in question and the superintendent indicated that they had insufficient information about the conduct by respondents of their home educational program to enable either of them to render an opinion as to whether the instruction is substantially equivalent to that available in public school. They lay this to a lack of cooperation by the respondents, who denied them permission to make observation of such instruction which the witnesses deemed sufficient, as well as to a failure of the respondents to provide writings and other evidence of the curriculum, lesson plans, school calendar and other indicia of their home instruction program. The petitioner has not presented sufficient evidence from which the court can determine the nature or quality of instruction given to minors of like age and attainments in the public school in which the children of the respondents resided at the time of the alleged acts and omissions of neglect.
The petitioner rested after presenting this evidence, and referred the court to the case of Matter of Kilroy (121 Misc 2d 98). Although the petitioner apparently feels that Kilroy is dispositive, the case is of little value as precedent. The opinion specifi *381 cally indicates that it did not result in a finding. Furthermore, the opinion does not reveal the nature or extent of the evidence before that court concerning the instruction provided to the children in public schools in the district in which the children who were the subjects of that case resided, nor of the evidence of the instruction provided to the children in the home setting. The court opined “that the respondents have failed to carry their burden of proof to demonstrate the equivalency of the education being afforded by their refusal to allow a reasonable and necessary on-sight evaluation.” (Supra, p 102.) If the court intended to state a general rule that a finding of education neglect must necessarily flow from a finding that respondents charged with neglect have failed to permit evaluation of their home instruction program by school officials, then I respectfully disagree. (Cf. Matter of Thomas H., 78 Misc 2d 412.)
The burden of demonstrating neglect is upon the State. (Matter of Hofbauer, 47 NY2d 648, 656.) The burden of producing evidence, however, may shift from the petitioner to the respondent as a hearing progresses, as convenience and fairness may require. (Fisch, New York Evidence § 1087, at 610.)
Where the petitioner’s claim is founded merely upon truancy attributable to parental neglect, it is sufficient for the establishment of a prima facie case that the petitioner establish a pattern of truancy. It then becomes the duty of the parent, by whom peculiar knowledge of the cause of such truancy would normally be considered to be possessed, to establish facts which preponderate against a finding of neglect.
Where a petitioner specifically claims, however, that parents providing a program of home instruction have neglected their children because their program does not provide instruction which is substantially equivalent to that provided to like children in public school, then more than a mere pattern of truancy must be demonstrated to establish a prima facie case. In order for a trier of fact to determine whether or not a home instruction program is substantially equivalent to a public instruction program, it must have proof of the nature and quality of the latter, against which to compare the nature and quality of the former. Having noted the general requirements of Education Law §§ 3204 (3) (a) (1) and 3210 (2), the Family Court in Lewis County applied the following standard: “Substantially equivalent would mean meeting the essential and significant elements and correctly covering the subject matter for the various subjects required to be taught in public, private and home schools (see Knox v O’Brien, 7 NJ Super 608).” (Matter of Falk, 110 Misc *382 2d 104,110.) Although this court, also, is aware of the provisions of Education Law § 3204 (3) (a) (1) and of 8 NYCRR 100.1 (e), awareness of the common school branches of study provided no insight into which among such branches are taught, and to what scope and depth in public school to children of age and attainments like those of the children of the respondents.
It is not unreasonable or inconvenient to require that the respondents establish the nature and quality of the instruction provided in their home, as part of their burden of producing evidence. When a petitioner lacks such evidence because the respondents have either prevented or failed to cooperate with reasonable efforts by public school personnel to satisfy themselves that the home instruction is substantially equivalent to the instruction at public school, the respondents should be called upon to produce such evidence, which is exclusively within their knowledge and at their disposal.
The essential question, then, is whether the law also requires the respondents to prove the nature and quality of instruction in public school, against which their home program is to be compared. Such is not the respondents’ burden.
This type of litigation has been observed to involve parties holding opposing, even hostile or polarized, views. (Matter of Falk, 110 Misc 2d 104, 110, supra.) To require respondent parents to produce proof of facts within the peculiar knowledge of their adversary is contrary to fundamental considerations of fairness and convenience.
The law does not drastically shift the burden of production of evidence because of mere lack of cooperation of a respondent with a petitioner. If the respondents here had fully cooperated with the school district’s request for information, the petitioner would then have been armed with evidence of the nature and quality of the home instruction program. If such evidence had then been produced by the petitioner together with all of the evidence which is already in this record, the court still would be left without a basis for comparison of the home instruction program with the instruction provided in public school. In the absence of such evidence, the petition could not be granted. The burden of producing such evidence is the petitioner’s. The respondents’ lack of cooperation does not relieve the petitioner of that burden. Therefore, when it is alleged that children are neglected by reason of the failure of the parents or other persons legally responsible for their care to provide in a home education program the instruction required by Education Law § 3204, the petitioner has the burden of proving facts to establish the nature *383 and quality of instruction that is provided in public school to children of age and attainments like those of the children allegedly neglected. If the petitioner shall then show that its reasonable efforts to obtain evidence of the nature and quality of instruction being provided at home are obstructed by the respondents, as they were here, and the respondents shall fail to offer evidence explaining their obstructive conduct, then the court may draw the strongest inference against the respondents which the evidence of the petitioner permits. (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141.) The court might infer, for example, that the testimony which the respondents refuse to offer would prove that their home instruction program is not substantially equivalent to that which the petitioner had proved to be available in public school, thereby establishing a prima facie case for the petitioner.
In the absence of sufficient evidence from the petitioner of the nature and quality of instruction available in public school for children of age and attainments like those of the respondents’ children, this court will not infer that the respondents knew the nature and quality of such available public instruction. There being no other evidence of possession by the respondents of such knowledge, the conduct of the respondents and their failure to testify are, at best, equivocal, and the petitioner’s case lacks the critical element of a lack of substantially equivalent instruction. The court is powerless to intervene in the absence of sufficient evidence. Therefore, the petition must, regrettably, be dismissed.