■ In the Matter of MICHAEL W. SHEILA W., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. (Proceeding No. 1.) In the Matter of TENNILLE W. SHEILA W., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. (Proceeding No. 2.)—

In child protective proceedings pursuant to Family Court Act article 10, the appeals are from (1) a dispositional order of the Family Court, Queens County (Gallet, J.), dated April 29, 1985, which found that the appellant mother had neglected her son Michael W. (anonymous) (proceeding No. 1), and (2) a dispositional order of the same court, dated July 1, 1985, which found that the appellant mother had neglected her daughter Tennille W. (anonymous) (proceeding No. 2).

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the mother's contentions on appeal, the Family Court properly determined that both of her children were neglected within the meaning of Family Court Act § 1012 (f). The evidence adduced at the fact-finding hearings established, *inter alia,* that Michael W. (anonymous), who was 11 years old at the time the petition was filed, was repeatedly forced by his mother to remain outside of the family residence for extended intervals of time, including periods lasting several days. Additionally, the Commissioner of Social Services demonstrated that Michael had been kept out of school for lengthy periods of time. Viewing the above evidence cumulatively *(see, e.g., Matter of Maria A.,* 118 AD2d 641; *Matter of Cerda,* 114 AD2d 795; *Matter of Victoria SS.,* 108 AD2d 989), we find that it amply supports a prima facie showing of neglect with respect to Michael. Moreover, a prima facie case of neglect was also established with respect to Tennille W. (anonymous), who was six years old at the time the petition was filed, based upon the established neglect of Michael *(see,* Family Ct Act § 1046 [a] [i]; *Matter of Victoria SS., supra; Matter of Christina Maria C.,* 89 AD2d 855; *Matter of Maureen G.,* 103 Misc 2d 109), as well as Tennille's unexplained and extremely high rate of absence from school *(see generally, Matter of Chapman,* 128 Misc 2d 379; *Matter of Thomas H.,* 78 Misc 2d 412). The mother had the burden of coming forward with evidence to rebut the prima facie showing of neglect *(see, Matter of Christopher S. v Kathleen S.,* 116 AD2d 653; *Matter of Cerda, supra; Matter of Shawniece E.,* 110 AD2d 900), and she failed to do so. Thus, neglect was proven by a preponderance of the evidence with respect to both children.

We have considered the remaining contentions of the appellant mother and find them to be without merit. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.