■ In the Matter of WILLIAM W., JR.—Order unanimously reversed, on the law, without costs, and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: Respondent father was charged with abusing his four-year-old son by placing a rope around his left wrist and dragging the child, causing bleeding and removal of skin from the wrist, and with causing serious burns to the child's hand and wrist by placing the child's left arm into a lit oven. The court dismissed the petition after a hearing. This was error. At the time he was taken into protective custody, the child gave this explanation of the injury to four witnesses who so testified at the hearing, as authorized by Family Court Act § 1046 (a) (vi), and the father's only explanation was that the child had burned himself while preparing hot tea eight days before he was taken into protective custody. The one medical doctor to testify stated that the hand injury could have been caused by either radiant heat or a hot liquid, but that the wrist injury could not have been caused by a hot liquid. He found an almost circumferential uniform excoriation around the wrist which he described as "absolutely classic for a rope burn." He stated that the wrist injury was more recent than the hand injury, and that the photographs received in evidence, taken at the hospital, accurately depicted the child's condition when brought to the emergency room. A prima facie case of abuse having been proved (Family Ct Act § 1046 [a] [ii]), the burden shifted to respondent to provide a credible explanation for all injuries observed. That burden was not met. The matter is remitted to Erie County Family Court for a dispositional

hearing before a different Judge. (Appeal from order of Erie County Family Court, Sedita, J.—child abuse.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.