■ In the Matter of the Guardianship of WILLIAM A. L., an

Infant.—Order unanimously reversed on the law and facts without costs and matter remitted to Cattaraugus County Family Court for further proceedings, in accordance with the following memorandum: William A. L. was born out of wedlock on April 17, 1982. Three days later, he was placed in the care of the Cattaraugus County Department of Social Services (DSS) because his mother had been involuntarily committed for psychiatric care. Except for a brief three-week period when placed with his mother, William has lived with the same foster parents since he was three days old.

Shortly after the mother's death in January of 1984, DSS commenced a proceeding pursuant to section 384-b of the Social Services Law for guardianship and custody of William. Prior to any evidentiary hearing on the DSS petition, William's maternal grandfather filed a petition for guardianship. The court adjourned the DSS proceeding, proceeded with a hearing on the grandfather's petition, and ultimately granted the grandfather's petition.

In concluding that the guardianship with the grandfather was in the child's best interests, the court determined that it was unlikely that the child would be adopted; that the child had been harmed by DSS efforts to discourage any contact between the grandfather and the child; and that before familial relationships can be terminated, they must be strengthened. These findings are not required and are of little, if any, relevance in determining whether placement in the grandfather's guardianship is in the child's best interests. Moreover, the findings are not supported by the evidence. The record reveals that the foster parents have indicated a desire to adopt the child and there is no evidence whatever that the child has been harmed by any action undertaken by DSS. We also note that DSS is statutorily obligated to use diligent efforts to strengthen the parent-child relationship, not a relationship with all family members (see, Social Services Law § 384-b [7] [a], [f]; Matter of Leon RR, 48 NY2d 117, 126). The facts presented by this record, including many of the findings made by Family Court, overwhelmingly demonstrate that the best interests of the child would not be served by placing him under the grandfather's guardianship. Accordingly, the Family Court order is reversed, and the grandfather's petition is dismissed. The DSS petition is reinstated, and we remit this matter to Cattaraugus County Family Court for a prompt hearing on the DSS petition to be held before a different Judge (see, Matter of Erie County Dept. of Social Servs., 127 AD2d 971; Matter of William W., 125 AD2d 976; Matter of

*Michael Paul T. v Thomas R.*, 124 AD2d 970). (Appeal from order of Cattaraugus County Family Court, Horey, J.—guardianship and custody.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.