■ In the Matter of Austin T. and Others, Alleged to be Abused Children. Albany County Department of Social Services, Respondent; Mary V., Appellant.—Mahoney, P. J.

Respondent is the mother of six children whose ages, at the date of this petition, ranged from several months to eight years. Respondent's previous paramour had been found to have sexually abused two of the children, which resulted in the children being temporarily removed from respondent's custody. All of the children were returned to respondent by September 1985.

On April 2, 1985, another man, Michael U., moved into respondent's home. A caseworker for petitioner's Child Protective Services began working with respondent's family in July 1985. In October 1985 one of respondent's children told the caseworker that her sister had informed respondent that Michael had touched her vagina. Following several other complaints, the caseworker decided to interview the children individually. Oral questioning and the use of anatomically correct dolls prompted one child to say that respondent was having sex with one of her sons and that Michael was engaging in sexual conduct with three of respondent's daughters.

The child also stated that she and her siblings had been sexually abused while respondent watched.

By amended petition dated March 27, 1986, petitioner named respondent and Michael as respondents and alleged that respondent's children were abused. Family Court found that the evidence against respondent would suffice to prove neglect by a preponderance of the evidence. A dispositional hearing was subsequently held, at which time testimony was heard from the caseworker, as well as other experts in the field of child abuse. Family Court issued an order of protection forbidding respondent from allowing the children to have any contact with Michael and ordered, *inter alia,* that respondent be placed under petitioner's supervision for 18 months and that all but one of respondent's children be placed in petitioner's custody for 12 months. This appeal by respondent ensued.

Clearly, the evidence presented by petitioner, if believed, established that respondent's children were neglected.

Family Court Act § 1012 provides, in relevant part:

"(f) 'Neglected child' means a child less than eighteen years of age

"(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care * * *

"(B) in providing the child with proper supervision or guardianship".

Further, Family Court Act § 1046 (a) (ii) provides that: "[P]roof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent * * * responsible for the care of such child shall be prima facie evidence of child abuse or neglect * * * of the parent * * * legally responsible." Here, the testimony of the caseworker regarding statements elicited from respondent's children, medical evidence regarding one child and the testimony presented during the dispositional hearing served to establish petitioner's prima facie case under Family Court Act § 1046 (a) (ii). Further, we hold that the testimony of all the witnesses, taken together, provides sufficient validation of the children's statements that they were abused. This result applies to all the children, since proof of abuse or neglect of one child is admissible on the issue of proof or abuse or neglect of any child of respondent *(see,* Family Ct Act § 1046 [a] [i]).

Once a prima facie case of neglect is established a parent is free to offer a satisfactory explanation to rebut the inference of neglect *(Matter of Michael W.,* 123 AD2d 874, 875, *appeal dismissed* 69 NY2d 1036). Family Court may, and did so herein, choose to discredit respondent's and Michael's testimony, and found respondent guilty of neglect under the applicable preponderance of the evidence standard *(see,* Family Ct Act § 1046 [b]; *Matter of Tammie Z.,* 66 NY2d 1, 3). We hold that Family Court's decision, based on statements made by respondent's children, testimony by various social workers and psychologists, and medical evidence regarding one child, is supported by a preponderance of the evidence and must be sustained.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.