OPINION OF THE COURT
Anthony F. Bonadio J.
The respondent moves to dismiss this petition alleging "educational neglect” (Family Ct Act § 1012 [f] [i] [A]) on the ground that it fails to state a cause of action (CPLR 3211 [a] [7]). The motion to dismiss is denied.
*864 Family Court Act § 1012 (f) (i) (A) defines a neglected child as a child under 18 years of age
"(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care
"(A) in supplying the child with adequate * * * education in accordance with the provisions of part one of article sixty-five of education law, or”.
The applicable provision of part I of article 65 of the Education Law (§ 3205 [1] [a]) provides that: "In each school district of the state, each minor child from six to sixteen years of age shall attend upon full time instruction.”
The petition filed here alleges that the respondent’s daughter Tameka, six years old, was not enrolled "in any school” (emphasis added) and that the respondent not only admitted that the child was not enrolled in school but refused to enroll the child in school "anytime whatsoever”. In our opinion, the petition clearly states a cause of action for educational neglect (see, e.g., Matter of Franz, 55 AD2d 424; Matter of Michael W., 123 AD2d 874, app dismissed 69 NY2d 1036; Matter of Christa H., 127 AD2d 997; Matter of Baer, 125 Misc 2d 563).
While the motion does point out an inconsistency between Education Law §2 (11) (which continues to define the term " 'child of compulsory school age’ ” to mean a "child between seven and sixteen years of age lawfully required to attend upon instruction” [emphasis added]) and § 3205 (1) (a) (6-16) the only court which has noted the inconsistency essentially concluded that, when the Legislature amended section 3205 (1) (a) and (b) in 1968 and 1969 (L 1968, ch 100; L 1969, ch 296), "to reduce the minimum age for compulsory education * * * from seven years to six years * * * throughout the State” (see, mem of State Dept of Educ in support of L 1969, ch 296, set out in 1969 McKinney’s Session Laws of NY, at 2408), it merely overlooked the definition in section 2 (11). We agree, and conclude that the provisions of section 3205 (1) (a) control (Matter of Franz, 55 AD2d 424, 427-429, supra; cf., Matter of Young v Board of Educ., 35 NY2d 31, 34; Matter of "Winters ”, 208 Misc 953, 955 [a 1955 Children’s Court case decided when section 3205 read "seven to sixteen”]; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 221-223, 391, 392, 398, 399).
*865 Finally, the fact that the respondent, after this petition was filed, may have enrolled Tameka in kindergarten, while relevant at trial, is irrelevant on this motion to dismiss the petition for failure to state a cause of action (see, Matter of "Winters”, 208 Misc 953, supra).