■ In the Matter of JOVANN B. et al. LINDA L. et al., Appellants; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of the Family Court, Kings County (Sparrow, J.), dated November 6, 1987, which, after a hearing, *inter alia,* placed the child Jovann B. with the Commissioner of the New York City Department of Social Services for a period not to exceed 18 months and conditionally released the child Reginald L. to the respondent mother. The appeal brings up for review an order of the same court, dated February 17, 1987, which, after a fact-finding hearing, adjudged the children to be neglected.

Ordered that the order dated November 6, 1987, is modified, on the law and the facts, by deleting the fourth decretal paragraph thereof, the finding of neglect of the child Reginald L. is vacated, and the neglect petition filed with respect to him is dismissed; as so modified, the order dated November 6, 1987, is affirmed, without costs or disbursements; and it is further,

Ordered, that the order dated February 17, 1987, is modified accordingly.

The court determined that Jovann and Reginald, aged eight and four, respectively, at the time of the fact-finding hearing, were neglected children due to the appellants' failure to supply adequate food (see, Family Ct Act § 1012 [f] [i] [A]). We find that the proof submitted by the petitioner at the fact-finding hearing was insufficient to establish the neglect of Reginald by a preponderance of the evidence (see, Matter of Tammie Z., 66 NY2d 1; Family Ct Act § 1046 [b]). The petitioner's proof essentially consisted of testimony that the children's grandmother provided dinner for them almost every day.

The finding of educational neglect with respect to Jovann is affirmed. The child was enrolled in a special education program. His attendance records established that he was absent 49 days in the 1984-1985 school year, 64 days in the 1985-1986 school year and that he was not present in school the entire month of September 1986. The court found that his stepfather's explanation for the absences was incredible. Based on the excessive number of absences, which amounted to about one third of these two school years, the court could reasonably conclude that Jovann was in imminent danger of becoming impaired (see, Matter of Michael W., 123 AD2d 874, appeal dismissed 69 NY2d 1036; Matter of Tammie Z., 66 NY2d 1, affg 105 AD2d 463, supra; but see, Matter of Shelley Renea K., 79 AD2d 1073).

Although evidence of the educational neglect of Jovann is admissible on the issue of neglect of Reginald (see, Family Ct Act § 1046 [a] [i]), such evidence, standing alone, does not support a finding that Reginald is in imminent danger of becoming impaired (see, Matter of Richard SS., 87 AD2d 915; cf., Matter of Michael W., supra). Accordingly, the neglect petition filed with respect to Reginald is dismissed. Brown, J. P., Kunzeman and Eiber, JJ., concur.

Kooper, J., dissents and votes to affirm the order appealed from, with the following memorandum: In my view, there was ample evidence adduced at the fact-finding hearing supporting the Family Court's determination that the appellants had neglected the two children involved in this proceeding by failing to supply them with adequate food (see, Family Ct Act § 1012 [f] [i] [A]). The record contains evidence from which the Family Court properly concluded that the appellants consistently failed to provide dinners to the children and, on other

occasions, failed to provide breakfasts and lunches. Moreover, the appellants may not avoid their obligation to provide adequate food by arguing that the children were being fed by their grandmother, especially since the grandmother's actions in feeding the children were not undertaken pursuant to a mutual arrangement with the appellants.

In light of the foregoing, it is my view that the Family Court—which had the advantage of seeing and hearing the witnesses testify—properly entered a finding of neglect against the appellants premised upon their failure to provide adequate food.