■ · In the Matter of MICHAEL A., and Another, Children Alleged to be Abused.—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: Petitioner charged respondent mother with physical abuse and neglect of her 21-month-old daughter. The petition also alleged that, by reason of such abuse, her older son was an abused or neglected child (see, Family Ct Act § 1046 [a] [i]). At a hearing, petitioner presented expert medical testimony that the untreated fracture of the daughter's right arm, periosteal bone injury to the left arm, and multiple bruises about the back, buttocks, thighs and ankles did not result from accidental causes, were inconsistent with a previously diagnosed blood disorder, and were caused by physical force applied by an individual. Such proof that the child sustained injuries or a condition which would not ordinarily exist except by reason of the acts or omissions of the custodial parent is prima facie evidence of abuse and neglect (see, Family Ct Act § 1046 [a] [ii]; Matter of Marcelina F., 117 AD2d 803; Matter of Cynthia V., 94 AD2d 773), and Family Court erred in dismissing the proceeding against respondent mother at the close of petitioner's case. Moreover, the court failed to set forth reasons for dismissal of the petition against the mother, as is mandated by statute (see, Family Ct Act § 1051 [c]; Matter of Lisa S., 142 AD2d 973).

The petition also charged the mother's boyfriend with abuse and neglect. The court, upon the conclusion of the hearing, found that petitioner had not satisfied its burden of proving that the injuries resulted from abuse, and dismissed the petition against the boyfriend. The court's finding was based upon the speculative inference that, because the child exhibited some of the symptoms of a blood disorder, the injuries resulted from the disorder, not from abuse. Additionally, the court ignored uncontroverted evidence that the child suffered injuries inconsistent with, and unrelated to, the blood disorder. No credible explanation was given for all of the child's injuries, and the court's finding was contrary to the weight of evidence (see, Matter of William W., 125 AD2d 976). Accordingly, we remit the entire proceeding against both respondents to Erie County Family Court for a new hearing before a different Judge. (Appeal from order of Erie County Family

Court, Notaro, J.—child abuse.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.