■ In the Matter of JAMIE J. and Others, Children Alleged to be Neglected. MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VIRGINIA K., Appellant. [619 NYS2d 367]

—Mikoll, J. P. Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered September 28, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected and placed them with petitioner for 12 months.

The issue before us is whether Family Court abused its discretion in finding that respondent neglected her four children: Jamie J., Eric J., Shannon K. and Daniel K. A review of the record reveals that petitioner sustained its burden of establishing neglect by a preponderance of the hearing evidence (Family Ct Act § 1046 [b]), and the burden then shifted to respondent to rebut the evidence by a satisfactory explanation which she failed to do (see, Matter of Vincent M., 193 AD2d 398; Matter of Jacinta J., 140 AD2d 990, 992).

The evidence established that respondent made no effort to see that Jamie went back to Fonda Fultonville Central School for approximately three months. As his mother, she had the responsibility to see that he attended school or at least make reasonable efforts to do so. The record lacks any evidence that respondent made such efforts; rather, it indicates that she refused to cooperate with school officials and others concerning Jamie's school attendance and well-being. Respondent failed to exercise that minimum degree of care required to provide Jamie with proper supervision, guardianship and an adequate education. Her actions and/or inactions placed Jamie in imminent danger of becoming impaired (see, Matter of Jovann B., 153 AD2d 858; Matter of Michael W., 123 AD2d 874, appeal dismissed 69 NY2d 1036).

Additionally, the record indicates that Jamie was missing for an entire weekend, that he was reported missing by his half-sister and that respondent's excuse for not reporting him missing was that she was prevented from doing so by her broken foot. This excuse is unrealistic. There were three other children in the home who could have carried a message out, respondent was able to get around on crutches and neighbors lived close by. Also, respondent's lack of surprise and inaction concerning Jamie's association with a known convicted pedophile demonstrates that she failed to provide the minimum degree of proper supervision and guardianship to Jamie (see, Family Ct Act § 1012 [f] [i] [B]), thus placing him in imminent danger of becoming impaired (see, Family Ct Act § 1012 [f] [i]). Respondent's failure to provide proper supervision concerning Jamie's education and Eric's antisocial behavior indicate her

indifference toward, and lack of understanding of, parental duties. Family Court could therefore properly find that Shannon and Daniel were also neglected children.

Respondent's contention that Family Court abused its discretion in not exploring an alternative disposition for the children is not before this Court as the issue is moot since the 12-month period of placement of the children with petitioner had expired (see, Matter of Eleanor TT., 199 AD2d 948; Matter of Demitris O., 193 AD2d 977, lv denied 82 NY2d 655).

We have examined the argument of the Law Guardian on appeal that the children did not receive meaningful representation at the hearing in Family Court and find it wanting. While the record indicates that the former Law Guardian's representation was passive, there is no evidence that the Law Guardian at the hearing did not insure that " 'all relevant facts, expert opinions and records [were] introduced into evidence' " (Matter of Jamie TT., 191 AD2d 132, 137, quoting Law Guardian Representation Standards [NY St Bar Assn Comm on Juvenile Justice and Child Welfare, 1988], Part III Child Protective Proceedings; Part B: The Fact-Finding Hearing, Commentary, at 145), as was his duty. The bare assertions of the Law Guardian on appeal to the contrary are not sufficient to support this claim.

Respondent's arguments that she received ineffective assistance of counsel likewise is not supported by the record and is rejected. Where, as here, counsel exhibited more than reasonable competence and the trial cannot be deemed a mockery of justice, meaningful representation has been provided (see, Matter of Karen PP. v Clyde QQ., 197 AD2d 753). Moreover, respondent's assertions in this regard are speculative and unspecified.

Finally, we note petitioner's failure to file a brief on this appeal apprising this Court of petitioner's position on the issues raised in respondent's brief, despite repeated appeals to do so from the Clerk of this Court. We view this apparent neglect as serious and it likely would subject counsel to the award of costs against him pursuant to 22 NYCRR 800.9 (d) if costs were imposed (see, e.g., People v Meade, 195 AD2d 756; People v Sawyer, 188 AD2d 939).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.