■ In the Matter of NATHANIEL TT. and Another, Children Alleged to be Abused and/or Neglected. BROOME COUNTY

DEPARTMENT OF SOCIAL SERVICES, Respondent; LEONARD UU., Appellant, et al., Respondent. [696 NYS2d 274] —Spain, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J), entered August 26, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to *inter alia*, adjudicate Nathaniel TT. and Amanda TT. to be abused and/or neglected children.

Respondent Leonard UU. (hereinafter respondent) lived in an apartment building across the hall from Nathaniel TT. (born in 1990), Amanda TT. (born in 1991) and the mother of the children, with whom respondent was involved in a relationship. As a part of this relationship, respondent often took care of the children. In November 1997, Nathaniel disclosed to his school counselor that he had been subjected to sexual contact with respondent, which he repeated in detail during the subsequent investigation. Petitioner initiated the present proceeding in December 1997 alleging, *inter alia*, sexual abuse of Nathaniel by respondent and the neglect of Nathaniel and Amanda by the mother and respondent.* At the fact-finding hearing both children testified in camera, both sides called witnesses and respondent denied the charges. Family Court determined that although he was not a parent of the children, respondent was a proper party to the proceeding and that petitioner had proven sexual abuse of Nathaniel by a preponderance of the evidence. Although finding insufficient proof of neglect with respect to Amanda, the court determined that respondent's abuse of Nathaniel supported a finding of derivative neglect as to her. Respondent now appeals.

We affirm. Initially, the record amply supports Family Court's determination that respondent was "a person legally responsible" for the care of these children within the meaning of Family Court Act § 1012 (g) and, as such, was a proper party to the abuse and neglect proceeding. It has been recognized that Family Court Act § 1012 (g) was intended to be construed broadly so as to include paramours or other nonparental persons who perform childcare duties which correspond with the traditional parent/child relationships (*see, Matter of Yolanda D.*, 88 NY2d 790, 794-795; *Matter of Faith AA.*, 139 AD2d 22, 24; *Matter of Jessica C.*, 132 Misc 2d 596, 599; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 373). The phrase "a person legally responsible" necessarily "encompass[es] those persons

---

* The children's mother was originally a respondent in this proceeding but, as a result of a stipulated settlement with petitioner, she is no longer a party.

acting in loco parentis or as the functional equivalent of a parent in a household setting" (*Matter of Jessica QQ.*, 200 AD2d 887). It is inherently a "discretionary, fact-intensive inquiry" (*Matter of Yolanda D., supra*, at 796), involving consideration of such factors as the "frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent(s)" (*id.*, at 796).

Here, respondent admitted that over the two-year period preceding these charges, during which he was involved in a relationship with the children's mother, he had babysat the children on a steady basis and that he and the mother openly shared access to each others' apartments which were directly across the hall. Other testimony in the record reveals that in addition to babysitting, respondent also helped care for the children even when the mother was home. Given the facts in the record which established that respondent regularly cared for the children over a substantial period of time, including all relevant times when the sexual abuse was alleged to have occurred, Family Court properly found that respondent was subject to its jurisdiction pursuant to Family Court Act § 1012 (g) (*see, e.g., People v Carroll*, 93 NY2d 564).

Next, we reject respondent's contention that the evidence adduced at the fact-finding hearing was insufficient to support the finding that he sexually abused Nathaniel. A determination as to whether a child is abused or neglected must be based on a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Philip M.*, 82 NY2d 238, 243-244; *Matter of Nicole V.*, 71 NY2d 112, 117; *Matter of Kathleen OO.*, 232 AD2d 784, 785). Petitioner bears the initial burden of establishing its case after which respondent may rebut such evidence of sexual abuse (*see, Matter of Philip M., supra*, at 244). The ultimate burden of persuasion always remains with petitioner (*see, id.*).

In our view, petitioner established a prima facie case of child abuse through testimony of Nathaniel's school counselor, the police, petitioner's caseworkers and the child's therapist. These witnesses testified to the child's out-of-court statements, which were corroborated by his in camera testimony (*see*, Family Ct Act § 1046 [a] [vi]; *Matter of Christina F.*, 74 NY2d 532, 536-537). Although not present at the child's testimony, respondent's attorney was given an opportunity to submit cross-examination questions in advance (*see, Matter of Jessica G.*, 200 AD2d 906). The determination of abuse was further sup-

ported by testimony indicating that Nathaniel's behavior improved after he was protected from contact with respondent in that his demeanor became more relaxed—less anxious—and he no longer regularly soiled his pants.

Family Court's findings are entitled to great deference especially where the critical evidence is testimonial, in light of the court's ability to assess the witnesses' credibility (*see, Matter of Stephanie B.*, 245 AD2d 1062; *Matter of Betancourt v Boughton*, 204 AD2d 804, 806; *Matter of Swift v Swift*, 162 AD2d 784, 785-786), and should generally not be disturbed absent a conclusion that they lack a sound and substantial basis in the record (*see, Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779). Upon our review we conclude that, although there were some inconsistencies in Nathaniel's statements, the overall record solidly supports Family Court's finding of sexual abuse (*see, Matter of Angelina AA.*, 211 AD2d 951, 952, *lv denied* 85 NY2d 808; *Matter of Austin T.*, 140 AD2d 742, 744).

Finally, we reject respondent's assertion that Family Court erred in finding derivative neglect as to Amanda based on its finding of sexual abuse of Nathaniel, pursuant to Family Court Act § 1012 (f) (i) (B). Notably, the court's finding of sexual abuse as to one child, standing alone, does not establish a prima facie case of derivative neglect as to another child (*see, Matter of Angelina AA., supra,* at 952-953; *Matter of Amanda LL.*, 195 AD2d 708, 709). Where, as here, Family Court justifiably concluded that respondent's abuse of Nathaniel evidenced an "impaired level of judgment as to create a substantial risk of harm for any child in his care" (*Matter of Angelina AA., supra,* at 953), the finding of sexual abuse as to one sibling can support a finding of neglect as to the other (*see, Matter of Amanda LL., supra,* at 709-710). Indeed, the record supports the conclusion that respondent's understanding of the duties associated with caring for children was fundamentally flawed (*see, id.,* at 709; *see also, Matter of Commissioner of Social Servs. [Kanisha W.],* 233 AD2d 325, 326; *Matter of Christopher O.,* 211 AD2d 980, 981).

Cardona, P. J., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.