■ In the Matter of BRANDYN P., a Child Alleged to be Abused and/or Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PAUL Q., Respondent. [716 NYS2d 830] —Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered July 29, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and/or neglected.

Brandyn P. suffered a spiral fracture of his right tibia while under the care of respondent, his 17-year-old father. Respondent told the child's mother about the incident when she picked him up after work that evening, relating that Brandyn's leg got caught in the couch. The next day, when Brandyn could not put any weight on his right leg, his mother took him to his pediatrician who discovered the injury, made a report of suspected child abuse to the New York State Central Registry and referred Brandyn to an orthopedic surgeon.

An initial investigation by petitioner's child protective services (hereinafter CPS) unit determined that the injury was the result of an accident, but four months later a different CPS supervisor reopened the case resulting in commencement of this Family Court Act article 10 proceeding alleging that respondent abused and neglected his child. The substantive allegations of abuse and neglect were set forth in affidavits from the CPS caseworker and the treating orthopedic surgeon and the unsworn report of the child's pediatrician, all of which were annexed to the skeletal petition.

At the fact-finding hearing petitioner called two witnesses, the orthopedic surgeon and the investigating CPS caseworker. The doctor testified that X rays revealed the child suffered a nondisplaced spiral fracture in the middle third of the right tibia, that a spiral fracture results from a twisting type motion and is not a common fracture for a one-year-old child and that such a fracture is "highly suspicious for potential abuse," opining that if a thousand children fell from a couch it is unlikely any would suffer a fracture, much less a spiral fracture. On cross-examination he did agree that, if the child's foot was

trapped and it twisted, it was possible for enough force to be exerted on the leg to cause this type of fracture and he also conceded that he did not call the hotline in this case. The CPS caseworker testified that she interviewed the child's mother and respondent who described the incident to her, and that respondent seemed very matter of fact about the child's injury showing little concern. The CPS caseworker observed the couch where the child was alleged to have fallen, and was allowed to testify that she did not think the child's foot could get caught in the couch or between the couch and the floor. Respondent's motion to dismiss the petition at the close of petitioner's proof was denied.

Respondent testified and called the child's mother, his mother, his stepfather, his grandmother and an aunt as witnesses. Respondent described how he left Brandyn unattended for a moment to go to the kitchen and heard him fall from the couch, then heard a snap or popping sound, rushed to Brandyn and called out to his mother for assistance. His mother indicated that she heard a thud and a snap, saw the child crying, examined the child and found no injury. She noted no difference in the affection shown by the child for his father after the incident. The child's mother testified that respondent informed her of the incident on the night in question and she expressed confidence in respondent's ability to care for their son as reflected in her consent to respondent's continued visitation after the incident.

At the close of all the proof, Family Court dismissed the petition finding that petitioner "has failed to meet its burden of proof and the proof of abuse has not been proved by a preponderance of the evidence." On appeal petitioner argues, *inter alia*, that abuse was established by a preponderance of the evidence and that Family Court's decision was contrary to the weight of the evidence.

As pertinent here, Family Court Act § 1012 (e) (i) defines an abused child as a child less than 18 years of age whose parent "inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of * * * serious or protracted disfigurement, or protracted impairment of physical or emotional health." Abuse must be established by "a preponderance of the evidence" (Family Ct Act § 1046 [b] [i]) and Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents and (2) that respondents were the caretak-

ers of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243).

In denying respondent's motion to dismiss at the close of petitioner's proof, Family Court acknowledged that a prima facie case of abuse was established. However, in dismissing the petition at the close of all the proof, Family Court accepted respondent's explanation that Brandyn's injury occurred accidentally and we find a sufficient factual basis in the record for Family Court's dismissal (*see, Matter of Dutchess County Dept. of Social Servs. [Brittney C.]*, 242 AD2d 533; *Matter of Briana R.*, 236 AD2d 830; *Matter of Alan T.*, 222 AD2d 336; *Matter of Shetonya W.*, 203 AD2d 144; *Matter of Michael A.*, 166 AD2d 898). Although a spiral fracture may be compatible with a finding of abuse, standing alone it does not *compel* a finding of abuse (*see, e.g., Matter of Anthony YY.*, 202 AD2d 740; *see also, Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J.*, 209 AD2d 525, 526). In cases involving such a fracture where abuse is established, there have been other physical manifestations of abuse such as marks, bruises or other fractures (*see, Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J., supra*, at 526; *Matter of Alan T., supra*) which Family Court found to be lacking here.

Similarly, petitioner's argument that Family Court failed to weigh the evidence, engage in fact finding and set forth a cogent reason for its decision is belied by Family Court's oral decision, which acknowledged the doctor's testimony, but noted the paucity of other proof of abuse, found no history of abuse and viewed respondent's reaction to and explanation of the incident as consistent with an "innocent accident." "Family Court's findings are entitled to great deference especially where the critical evidence is testimonial * * * and should generally not be disturbed absent a conclusion that they lack a sound and substantial basis in the record" (*Matter of Nathaniel TT.*, 265 AD2d 611, 614). Our review of the record reveals a sound and substantial basis for Family Court's conclusions and despite the Law Guardian's recommendation to the contrary, we will not disturb that court's decision to dismiss the petition.

We have reviewed petitioner's remaining arguments and find them to be without merit.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.