■ In the Matter of EVAN Y., a Child Alleged to be Abused and/or Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MICHAEL Y., Respondent. [731 NYS2d 796] —Lahtinen, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered May 15, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

In February 2000, petitioner initiated this proceeding by filing a petition pursuant to Family Court Act article 10 alleging

that respondent, the father of Evan Y. (born in 1994), had abused and neglected the child by hitting him in the right eye, causing bruising. The child's bruise was first observed at school by his teacher on February 15, 2000. During the ensuing investigation the child told petitioner's investigating caseworkers that respondent had hit him in the eye and made gestures consistent with that act. The child was removed from respondent's custody shortly thereafter (*see*, Family Ct Act § 1029).

Family Court conducted a fact-finding hearing where petitioner presented the testimony of the child's teacher and one of the investigating caseworkers in support of the petition and respondent testified and presented the testimony of his mother and several lay witnesses in response to the petition. The child testified at a modified *Lincoln* hearing. At the conclusion of the fact-finding hearing, Family Court determined that petitioner had failed to establish the allegations of abuse by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Philip M.*, 82 NY2d 238, 243; *Matter of Brandyn P.*, 278 AD2d 533, 534) and dismissed the petition. Petitioner appeals.

On appeal, petitioner argues that the record evidence overwhelmingly establishes that respondent caused physical injury to his six-year-old son by other than accidental means (*see*, Family Ct Act § 1012 [e] [i]) and that this Court should exercise its broad authority to render the appropriate judgment (*see*, *Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499), by reversing Family Court's determination and entering a finding of abuse against respondent (*see, e.g., Matter of Rose B.*, 79 AD2d 1044).

The record reveals that Family Court determined that petitioner had established a prima facie case of abuse. However, Family Court accepted what it determined to be the credible testimony of two of respondent's witnesses, who testified that they observed the child being kicked in the right eye by another child and a red area develop around his eye the evening before the bruise was observed by his teacher. This testimony, coupled with testimony from the child's grandmother and her friend that the child had told them that he had been punched by someone at school, provide a sufficient factual basis for Family Court's dismissal of the petition (*see generally*, *Matter of Philip M.*, *supra*, at 244-245; *Matter of Brandyn P.*, *supra*, at 535). From our review of the record and according Family Court's factual findings due deference (*see*, *Matter of Nathaniel TT.*, 265 AD2d 611, 614, *lv denied* 94 NY2d 757), we conclude that Family Court's determination to dismiss the pe-

tition was based upon sound and substantial evidence and should not be disturbed (*see, Matter of Brandyn P., supra,* at 535).

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.