■ In the Matter of ANTHONY WW. and Others, Children Alleged to be Abused and Neglected. TIOGA COUNTY DEPARTMENT

OF SOCIAL SERVICES, Appellant; KEVIN VV., Respondent. (And Another Related Proceeding.) [809 NYS2d 665]—

Rose, J. Appeal from an order of the Family Court of Tioga County (Argetsinger, J.), entered March 31, 2005, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected by respondent.

Petitioner commenced these abuse and neglect proceedings against respondent, alleging that he had severely spanked his stepson, Anthony WW. (born in 2000), on one occasion and thereby derivatively neglected his two other children. Following a fact-finding hearing, Family Court dismissed the petitions after finding that, although Anthony had been spanked and this had caused the livid bruising observed on the child's buttocks, respondent was not the person who had spanked him. Petitioner appeals, arguing that the evidence established that Anthony had been spanked while in respondent's care and, even if respondent was not the spanker, he had failed to protect the child.

To establish neglect in this case, petitioner was required to show, by a preponderance of the evidence, both harm or risk of harm to Anthony and "that the actual or threatened harm . . . is a consequence of the failure of [respondent] to exercise a minimum degree of care in providing . . . proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Matthew WW. v Johnson*, 20 AD3d 669, 671 [2005]; *Matter of Christopher JJ.*, 281 AD2d 720, 720-721 [2001]).

As Family Court acknowledged, petitioner made a prima facie showing of an actual injury to Anthony at a time when respondent and his wife, Anthony's mother, were legally responsible for his care. The burden of explanation then shifted to respondent, and Family Court rejected his explanation that Anthony's bruising could have been caused by jouncing for many hours on a trip in respondent's truck while sitting in a poorly cushioned carseat. Nonetheless, the court found that respondent had not inflicted the spanking and implied instead, but did not find, that the spanking had been inflicted by Anthony's mother while

Anthony was with her earlier on the day in question. While we will defer to Family Court's assessment of respondent's credibility (*see e.g. Matter of Nathaniel TT.*, 265 AD2d 611, 614 [1999], *lv denied* 94 NY2d 757 [1999]), we agree with petitioner that respondent could still be found to have neglected Anthony because petitioner did not have to prove that respondent was the one who inflicted the injury (*see Matter of Brian TT.*, 246 AD2d 826, 828 [1998]).

However, petitioner was required to show that the injury occurred because of respondent's failure to exercise a minimum degree of care (*see Nicholson v Scoppetta, supra* at 370). As to this element, parental behavior is evaluated objectively, in light of what a reasonable and prudent parent would have done to prevent a risk of impairment to the child (*see id.* at 370-371; *Matter of Jessica YY.*, 258 AD2d 743, 744 [1999]). Given Family Court's finding that respondent did not spank Anthony and the lack of record evidence of any past abuse, neglect or other reason why respondent should have known of the risk that Anthony's mother or anyone else would harm him, we find that Family Court's dismissal of the abuse and/or neglect petitions has a sound and substantial basis in the record and should not be disturbed (*see Matter of Matthew WW. v Johnson, supra* at 671; *Matter of Evan Y.*, 287 AD2d 894, 895 [2001]; *Matter of Brandyn P.*, 278 AD2d 533, 535 [2000]). We have considered petitioner's remaining contentions and find them to be without merit.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.