■ In the Matter of FATIMA A., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; AQUILA A., Appellant. (Proceeding No. 1.) In the Matter of BUSHRA A., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; AQUILA A., Appellant. (Proceeding No. 2.) [715 NYS2d 250] —In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from two dispositional orders of the Family Court, Kings County (Pearce, J.) (one as to each child), both dated July 26, 1999, which, upon determinations made after a hearing that the subject children were educationally neglected, placed the subject children with the Commissioner of the Administration for Children's Services for a period of one year.

Ordered that the appeals from so much of the dispositional orders as placed the children in the custody of the Commissioner of the Administration for Children's Services for a period of one year are dismissed, without costs or disbursements; and it is further,

Ordered that the dispositional orders are affirmed insofar as reviewed, without costs or disbursements.

The dispositional orders appealed from have expired by their own terms. Accordingly, the appeals from so much of the dispositional orders as placed the subject children with the Commissioner of the Administration for Children's Services must be dismissed as academic (*see, Matter of Alan B.*, 267 AD2d 306; *Matter of Keith C.*, 226 AD2d 369). The adjudications of neglect, however, have not been rendered academic,

since a finding of neglect constitutes a permanent and significant stigma from which potential consequences may flow (*see, Matter of Alan B., supra,* 267 AD2d, at 306; *Matter of Octavia S.,* 255 AD2d 316; *Matter of H. Children,* 156 AD2d 520).

The Family Court's determination was supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]). The respondent established a prima facie case of educational neglect with respect to both Bushra and Fatima (*see, Matter of Ryan J.,* 255 AD2d 999, 1000; *Matter of Kyle T.,* 255 AD2d 945; *Matter of Heith S.,* 189 AD2d 875, 876; *Matter of Jovann B.,* 153 AD2d 858, 859; *Matter of Christa H.,* 127 AD2d 997; *Matter of Michael W.,* 123 AD2d 874, 875). The respondent demonstrated that Bushra was absent 101 of 166 days during the 1996-1997 school year, and the appellant offered no evidence to show that Bushra was receiving the required instruction elsewhere. Further, although the appellant was allegedly given permission by the Board of Education to home school Fatima, she failed to provide the court with certified copies of the appropriate documentation along with the certified reports required to be submitted to the Board of Education. In any event, the appellant offered no evidence to show that Fatima received the required schooling.

Since the appellant failed to offer any evidence to show that Bushra was attending school or was being home-schooled, or that Fatima was home-schooled in accordance with the Board of Education requirements, the finding of educational neglect is supported by a preponderance of the evidence (*see, Matter of Chad V.,* 265 AD2d 607, 608; *Matter of Ryan J., supra*; *Matter of Heith S., supra,* 189 AD2d, at 876; *Matter of Jovann B., supra,* 153 AD2d, at 859). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.