■ In the Matter of JESSICA DiB., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE DiB., Appellant. In the Matter of JAMIE P., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE DiB., Appellant. In the Matter of JOSHUA P., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE DiB., Appellant. [775 NYS2d 69]—

In three related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Westchester County (Dickerson, J.), entered April 23, 2002, as, after a hearing, found that the subject children were neglected and continued placement of them with the Westchester County Department of Social Services until May 25, 2002.

Ordered that the appeal from so much of the order of fact-finding and disposition as continued placement of the children with the Westchester County Department of Social Services until May 25, 2002, is dismissed as academic; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as continued placement of the children with the Westchester County Department of Social Services until May 25, 2002, must be dismissed as academic, as the period of placement expired by its own terms on that date (see Matter of Garth S., 309 AD2d 940 [2003], lv denied 1 NY3d 506 [2004]; Matter

*of Fatima Mc.,* 292 AD2d 532 [2002]). However, the appeal from so much of the order of fact-finding and disposition as found that the subject children were neglected is not academic, since a finding of neglect constitutes a permanent and significant stigma from which potential future consequences may flow (*see Matter of B. Children,* 267 AD2d 307, 308 [1999]; *Matter of Danielle C.,* 253 AD2d 431 [1998]).

Contrary to the mother's contention, the Family Court's determination that she neglected her children was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [A]; § 1046 [b] [i]). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference (*see Matter of B. Children, supra; Matter of Commissioner of Social Servs. [Monique W.] v Kim G.,* 240 AD2d 664, 665 [1997]). The credible evidence adduced at the hearing established that the mother maintained her apartment in a deplorable and unsanitary condition, there was little or no food in the apartment, the plumbing in the bathtub was in a state of disrepair for some time, and the children were unbathed, malodorous, and hungry, and their clothing was dirty. In addition, the oldest child, Jessica, was not appropriately dressed for the cold weather, was habitually late for school, fell asleep during class, complained of lack of sleep, and was not performing up to her potential. Accordingly, the Family Court correctly determined that there was an imminent danger of impairment of the children's health as a result of the mother's conduct (*see Matter of Nathifa B.,* 294 AD2d 432 [2002]; *Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.,* 225 AD2d 620 [1996]; *Matter of Lillian R.,* 196 AD2d 503 [1993]; *Matter of Shane O.,* 147 AD2d 733 [1989]; *Matter of Busch v Margaret B.,* 109 AD2d 837 [1985]).

The mother's remaining contentions either are unpreserved for appellate review, academic, or without merit. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.