■ In the Matter of TRACEY ANN A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HUBERT E., Appellant. (Proceeding No. 1.) In the Matter of KENRY ANN E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HUBERT E., Appellant. (Proceeding No. 2.) [784 NYS2d 561]—

In two related child protective proceedings pursuant to Fam-

ily Court Act article 10, Hubert E. appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Lerner, R.), dated September 17, 2003, as excluded him from proceedings regarding the extension of placement of the subject children.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

Hubert E.'s contention that he was erroneously excluded from the proceeding under Family Court Act § 1055 has been rendered academic, because the term of placement ordered at that proceeding has expired (*see Matter of Jessica DiB.*, 6 AD3d 533 [2004]; *Matter of Hannah H.*, 293 AD2d 540 [2002]). In any event, Hubert E. was not entitled to participate in permanency hearings regarding the placement of Tracey Ann A. and Kenry Ann E. pursuant to Family Court Act § 1055-a. This section applies to children, like Tracey Ann A. and Kenry Ann E., who have been freed for adoption (*see* Family Ct Act § 1055-a [1] [c]; [2]). Unlike Family Court Act § 1055, proceedings under Family Court Act § 1055-a do not require notice to be served upon a "person responsible for the child's care," such as Hubert E. (*compare* Family Ct Act § 1055 [b] [iii], *with* Family Ct Act § 1055-a [4]; *see also* Family Ct Act § 1012 [a], [g]). S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.