■ In the Matter of LAUREN R., a Child Alleged to be Neglected. CHILD PROTECTIVE SERVICES, Respondent; DENISE R., Appellant. [794 NYS2d 910]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Suffolk County (Sweeney, J.), dated January 27, 2004, which, after a hearing, found that she had neglected Lauren R.

Ordered that the fact-finding order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the determination that she neglected her child is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Jessica DiB.*, 6 AD3d 533, 534 [2004]). The credible evidence adduced at the hearing established that the mother maintained her house in a deplorable and unsanitary condition (*see Matter of Jessica DiB., supra; Matter of Nathifa B.*, 294 AD2d 432, 433 [2002]; *Matter of Noemi B.*, 273 AD2d 304 [2000]; *Matter of Lillian R.*, 196 AD2d 503, 504 [1993]). Moreover, the mother's admission that she threw a frying pan at her child corroborated the child's out-of-court statements to the same effect (*see Matter of Asia B.*, 266 AD2d 537 [1999]; *Matter of Tonya C.*, 220 AD2d 498 [1995]; *Matter of Commissioner of Social Serv. of City of N.Y. [Tanya C.] v Evelyn R.*, 217 AD2d 697, 697-698 [1995]).

The Family Court providently exercised its discretion in excluding a journal entry from the child which may have indicated that the child had been using drugs. Such evidence had no relevance regarding whether the mother engaged in excessive corporal punishment or kept the home in a deplorable and unsanitary condition (*see* Family Ct Act § 1046 [b] [iii]; *Matter of Enrique B.*, 267 AD2d 75, 76 [1999]). Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.