■ In the Matter of JOHN N., JR., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOHN N., SR., et al., Appellants. In the Matter of RAHJEEN N., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOHN N., SR., et al., Appellants. In the Matter of ANGEL N., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOHN N., SR., et al., Appellants. [798 NYS2d 464]—

In three related child protective proceedings pursuant to Fam-

ily Court Act article 10, the father appeals, and the mother separately appeals, as limited by her brief, from stated portions of two dispositional orders (one as to John N., Jr., and the other as to Rahjeen N. and Angel N.) of the Family Court, Kings County (Turbow, J.), both dated March 5, 2004, which, upon a fact-finding order of the same court dated December 3, 2003, made after said hearing, finding that the father had utilized excessive corporal punishment upon John N., Jr., and that both parents had educationally neglected John N., Jr., and derivatively neglected their children Rahjeen N. and Angel N., inter alia, placed John N., Jr., in the care of the Kings County Commissioner of Social Services until March 5, 2005, and released Rahjeen N. and Angel N. to the custody of the parents with six months supervision. The appeals bring up for review the fact-finding order dated December 3, 2003.

Ordered that the appeals from those portions of the dispositional orders which placed John N., Jr., in the care of the Kings County Commissioner of Social Services until March 5, 2005, and directed supervision of Rahjeen N. and Angel N. are dismissed as academic, without costs or disbursements, as the periods of placement and supervision have expired; and it is further,

Ordered that the dispositional orders are affirmed insofar as reviewed, without costs or disbursements.

The dispositional orders appealed from have expired by their own terms. Accordingly, the appeals from so much of the dispositional orders as placed John N., Jr., in the care of the Kings County Commissioner of Social Services and directed supervision of Rahjeen N. and Angel N. must be dismissed as academic (*see Matter of Fatima A.,* 276 AD2d 791 [2000]). Nevertheless, the adjudications of neglect and derivative neglect have not been rendered academic, "since a finding of neglect constitutes a permanent and significant stigma from which potential consequences may flow" (*supra* at 792).

Contrary to the father's contention, the Family Court's finding of excessive corporal punishment is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Philip M.,* 82 NY2d 238 [1993]; *Matter of Mayabelle F.,* 5 AD3d 768 [2004]). The petitioner demonstrated through testimony sufficiently corroborated by out-of-court statements made by Rahjeen N. that the father engaged in a course of conduct with John N., Jr., which was consistent with allegations of excessive corporal punishment (*see Matter of Marta B.,* 233 AD2d 667 [1996]). Unrebutted evidence of excessive school absences was sufficient to establish both appellants' educational neglect with

respect to John N., Jr. (*see Matter of Dareth O.,* 304 AD2d 667 [2003]; *Matter of Fatima A., supra*).

The finding of derivative neglect as to the other children is supported by evidence indicating the appellants' lack of understanding of their parental responsibilities (*see Matter of Brittney C.,* 242 AD2d 533 [1997]; *Matter of Christina Maria C.,* 89 AD2d 855 [1982]).

The mother's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.