■ In the Matter of NAILA A., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent;

Hají A. et al., Appellants. (Proceeding No. 1.) In the Matter of Laila A., a Child Alleged to be Neglected. Nassau County Department of Social Services, Respondent; Hají A. et al., Appellants. (Proceeding No. 2.) [831 NYS2d 919]—In two related neglect proceedings pursuant to Family Court Act article 10, the parents appeal from (1) an order of the Family Court, Nassau County (Foskey, J.), dated November 22, 2005, which, after a hearing, denied their application pursuant to Family Court Act § 1028 for the return of their child Naila A., and (2) an order of fact-finding and disposition of the same court dated March 6, 2006, which, after fact-finding, dispositional, and permanency hearings, inter alia, found that they neglected Naila A. and derivatively neglected their child Laila A., and placed Naila A. in the custody of the Nassau County Department of Social Services.

Ordered that the appeal from the order dated November 22, 2005 is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated March 6, 2006 is affirmed, without costs or disbursements.

The appeal from the order dated November 22, 2005 has been rendered academic by the subsequent order of fact-finding and disposition dated March 6, 2006 (*see Matter of Eddie J.,* 273 AD2d 239 [2000]; *Matter of Department of Social Servs.,* 175 AD2d 284 [1991]).

The Family Court's determination that the parents neglected Nalia A. is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of John N.,* 19 AD3d 497, 498 [2005]; *Matter of Rico D.,* 19 AD3d 416 [2005]). Furthermore, the Family Court's determination that the parents derivatively neglected Laila A. is supported by the evidence indicating their lack of understanding of their parental responsibilities (*see Matter of John N., supra* at 499; *Matter of Rasheda S.,* 183 AD2d 770 [1992]; *Matter of Christina Maria C.,* 89 AD2d 855 [1982]).

The parents' remaining contention is without merit (*see* Family Ct Act §§ 1011, 1012 [a], [g]; *Matter of Williams,* 106 Misc 2d 280, 283 [1980]). Crane, J.P., Krausman, Covello and Carni, JJ., concur.