■ In the Matter of EVAN F., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GEORGE L.F., Also Known as JORGE F., Also Known as GEORGE L., Appellant. [853 NYS2d 142]—

In a child neglect proceeding pursuant to Family Court Act article 10, the father appeals from a fact-finding order of the Family Court, Orange County (Bivona, J.), dated October 13, 2006, which, after a hearing, found that the subject child was neglected.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court's determination that the father had neglected Evan F. by fleeing from the police in a car chase, while the child was a passenger in the vehicle, is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [1]; *Matter of Dimitriy R.,* 39 AD3d 866 [2007]; *see generally Nicholson v Scoppetta,* 3 NY3d 357, 368 [2004]). Contrary to the father's contention, the Family Court's finding of educational neglect is also supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [A]; § 1046 [b]; *Matter of John N.,* 19 AD3d 497, 498-499 [2005]). Based on the unrebutted evidence of excessive absences and tardiness during the 2003-2004 school year, continuing into the 2004-2005 school year, the Family Court could reasonably conclude that Evan F. was in imminent danger of becoming impaired (*see Matter of Jovann B.,* 153 AD2d 858, 859 [1989]).

The Family Court did not improvidently exercise its discretion in denying the father's application for appointment of a new law guardian (*see Matter of Brittany W.,* 25 AD3d 560 [2006]; *Matter of King v King,* 266 AD2d 546, 547 [1999]).

The father was not denied the effective assistance of counsel (*see Matter of Ashley L.,* 22 AD3d 915, 917 [2005]; *Matter of Matthew C.,* 227 AD2d 679, 682-683 [1996]).

The father's remaining contentions are without merit. Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.