■ In the Matter of ISAAC J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICE, Respondent; JOYCE J., Appellant. [904 NYS2d 755]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Lim, J.), dated July 29, 2009, as, after a hearing, found that she had neglected the subject child and granted the motion of the Administration for Children's Services to direct that the subject child be immunized in accordance with Public Health Law § 2164.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

At a fact-finding hearing in an abuse and/or neglect proceed-

ing pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child has been abused and/or neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841 [2010]). Contrary to the mother's contention, the Family Court's determination that she neglected the subject child was supported by a preponderance of the evidence. The evidence adduced at the hearing established that the mother maintained the child's home in a deplorable and unsanitary condition (*see Matter of Lauren R.*, 18 AD3d 761 [2005]; *Matter of Todd D.*, 9 AD3d 462, 463 [2004]; *Matter of Jessica DiB.*, 6 AD3d 533, 534 [2004]; *Matter of Commissioner of Social Servs. v Anne F.*, 225 AD2d 620 [1996]). The evidence also established that the mother failed to provide the child with adequate medical care (*see Matter of Hofbauer*, 47 NY2d 648, 654-655 [1979]; *Matter of Shawndel M.*, 33 AD3d 1006 [2006]; *Matter of Faridah W.*, 180 AD2d 451, 452 [1992]). Accordingly, the Family Court properly found that there was an imminent danger of impairment of the child's physical, mental, or emotional condition as a result of the mother's conduct (*see* Family Ct Act § 1012 [f] [i] [A]).

Moreover, the Family Court properly granted the motion of the Administration for Children's Services to direct that the child be immunized in accordance with Public Health Law § 2164. The mother opposed the motion on the ground that she was entitled to the religious exemption from the Public Health Law's immunization requirements provided by Public Health Law § 2164 (9). However, she failed to prove by a preponderance of the evidence that her opposition to immunization "stems from genuinely-held religious beliefs" (*Bowden v Iona Grammar School*, 284 AD2d 357, 359 [2001]; *see Matter of Nassau County Dept. of Social Servs. v R.B.*, 23 Misc 3d 270, 274-275 [2008]; *see also Mason v General Brown Cent. School Dist.*, 851 F2d 47, 50 [1988]). Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.