■ In the Matter of MARIAH C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FREY C.-M., Appellant. (Proceding No. 1.) In the Matter of MARY C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FREY C.-M., Appellant. (Proceeding No. 2.) [923 NYS2d 892]—

In two related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (Hoffmann, J.), dated January 8, 2010, which, after a fact-finding and dispositional hearing, found that the subject children, Mary C. and Mariah C., were neglected and, inter alia, placed the children under the supervision of the Suffolk County Department of Social Services.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the child Mary C. under the supervision of the Suffolk County Department of Social Services is dismissed as academic, without costs or disbursements, as Mary C. has reached 18 years of age; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

At a fact-finding hearing in an abuse and/or neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject children were abused and/or neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841 [2010]). Contrary to the mother's contention, the Family Court's determination that she neglected the subject children was supported by a preponderance of the evidence. The evidence adduced at the hearing established that the mother maintained the children's home in a deplorable and unsanitary condition (*see Matter of Isaac J. [Joyce J.]*, 75 AD3d 506, 507 [2010]; *Matter of Lauren*

*R.*, 18 AD3d 761 [2005]; *Matter of Todd D.*, 9 AD3d 462, 463 [2004]; *Matter of Jessica DiB.*, 6 AD3d 533, 534 [2004]).

The evidence also established that the mother neglected her children by failing to supply them with an adequate education (*see* Family Ct Act § 1012 [f] [i] [A]). The petitioner met its burden of establishing educational neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Eric C. [Barbara C.]*, 79 AD3d 1037 [2010]; *Matter of Evan F.*, 48 AD3d 811 [2008]; *Matter of John N.*, 19 AD3d 497, 498-499 [2005]). The petitioner submitted unrebutted evidence of excessive school absences, and the mother failed to offer a reasonable justification for the absences (*see Matter of Eric C. [Barbara C.]*, 79 AD3d at 1037; *Matter of Evan F.*, 48 AD3d at 811; *Matter of John N.*, 19 AD3d at 498-499).

Contrary to the mother's contention, the failure of her counsel to object to allegedly improper photographs which were admitted into evidence, and to certain testimony, did not deprive her of the effective assistance of counsel (*see* Family Ct Act § 262 [a] [i]; *Matter of Kathleen K.*, 66 AD3d 683, 684 [2009]; *Matter of Evan F.*, 48 AD3d 811 [2008]; *see also People v Taylor*, 1 NY3d 174, 177 [2003]).

The remaining contention of the Attorney for the Children is without merit. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.