■ In the Matter of JOYITHA M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RESHMI M., Appellant. (Proceeding No. 1.) In the Matter of SUDEEP M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RESHMI M., Appellant. (Proceeding No. 2.) In the Matter of RONHITHA M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RESHMI M., Appellant. (Proceeding No. 3.) [994 NYS2d 393]—

In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (McGowan, J.), dated March 1, 2012, as amended May 10, 2013, which, after a hearing, found that she neglected the subject children, and (2) an order of disposition of the same court dated July 17, 2012, which, upon the order of fact-finding, and after a dispositional hearing, released the children to the custody of their father, with supervision by the Administration for Children's Services.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

At a fact-finding hearing in an abuse or neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject children have been abused or neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Mariah C. [Frey C.-M.]*, 84 AD3d 1372 [2011]; *Matter of Isaac J. [Joyce J.]*, 75 AD3d 506, 506-507 [2010]). Here, contrary to the mother's contention, the Family Court's determination that she neglected the subject children was supported by a preponderance of the evidence. The evidence adduced at the fact-finding hearing established that the mother maintained the children's home in a deplorable and unsanitary condition (*see Matter of Mariah C. [Frey C.-M.]*, 84 AD3d at 1373; *Matter of Isaac J. [Joyce J.]*, 75 AD3d at 507; *Matter of Lauren R.*, 18 AD3d 761 [2005]; *Matter of Todd D.*, 9 AD3d 462, 463 [2004]; *Matter of Jessica DiB.*, 6 AD3d 533, 534 [2004]).

The evidence also established that the mother neglected the subject children by failing to provide them with an adequate education (*see* Family Ct Act § 1012 [f] [i] [A]). In this regard, the petitioner met its burden of establishing educational neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Mariah C. [Frey C.-M.]*, 84 AD3d at 1373; *Matter of Eric C. [Barbara C.]*, 79 AD3d 1037 [2010]; *Matter of John N.*, 19 AD3d 497, 498-499 [2005]; *Matter of Dareth O.*, 304 AD2d 667 [2003]; *Matter of Fatima A.*, 276 AD2d 791 [2000]). The petitioner submitted unrebutted evidence of excessive school absences, and the mother failed to offer a reasonable justification for the absences (*see Matter of Eric C. [Barbara C.]*, 79 AD3d at 1037; *Matter of John N.*, 19 AD3d at 498). Moreover, despite her claims that the children were being home-schooled, she acknowledged that she had not been given permission by the New York City Department of Education to home school them, and failed to submit any evidence indicating that the schooling she allegedly provided was, in any manner, in accordance with the requirements of the New York City Department of Education (*see Matter of Amanda K.*, 13 AD3d 193 [2004]; *Matter of Fatima A.*, 276 AD2d at 791; *Matter of Franz*, 55 AD2d 424 [1977]).

Contrary to the mother's contention, the Family Court did not, under the circumstances of this case, improvidently exercise its discretion in refusing to consider the postpetition evidence she sought to introduce at the fact-finding hearing (*see Matter of Ashley X.*, 50 AD3d 1194, 1196 [2008]; *Matter of Jessica YY.*, 258 AD2d 743, 747 [1999]).

The mother's remaining contentions are without merit. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.