# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**191**
**CAF 13-01660**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF AIJIANNA L.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                    MEMORANDUM AND ORDER

ANNETTE S., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR
RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

BARBARA E. MOSHER, ATTORNEY FOR THE CHILD, MANLIUS.

---

Appeal from an order of the Family Court, Onondaga County
(Michele Pirro Bailey, J.), entered August 14, 2013 in a proceeding
pursuant to Family Court Act article 10. The order, inter alia,
determined that respondent had neglected the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudicating
the subject child to be neglected based on her failure to supply the
child with adequate education (*see* Family Ct Act § 1012 [f] [i] [A]).
Contrary to the mother's contention, petitioner met its burden of
establishing educational neglect by a preponderance of the evidence
(*see Matter of Cunntrel A. [Jermaine D.A.]*, 70 AD3d 1308, 1308, *lv
dismissed* 14 NY3d 866). " 'Proof that a minor child is not attending
a public or parochial school in the district where the parent[]
reside[s] makes out a prima facie case of educational neglect pursuant
to section 3212 (2) (d) of the Education Law' " (*Matter of Matthew B.*,
24 AD3d 1183, 1184). Here, petitioner presented unrebutted evidence
from the Syracuse City School District that, inter alia, the child did
not attend a single day of school during the 2011-2012 and 2012-2013
school years (*see Matter of Airionna C. [Shernell E.]*, 118 AD3d 1430,
1431, *lv denied* 24 NY3d 905, *lv dismissed* 24 NY3d 951), and "Family
Court could reasonably conclude that the mental condition of the child
was in imminent danger of becoming impaired based upon the evidence of
excessive absences" (*Matter of Patrick S.*, 52 AD3d 837, 837; *see
Matter of Evan F.*, 48 AD3d 811, 811, *lv denied* 11 NY3d 715). The
mother "failed to present 'evidence that the [child is] attending

school and receiving the required instruction in another place' or to establish a reasonable justification for the child['s] absences and thus failed to rebut the prima facie evidence of educational neglect" (*Cunntrel A.*, 70 AD3d at 1308).

We have reviewed the mother's remaining contentions and conclude that they are without merit.

Entered:  March 20, 2015                                    Frances E. Cafarell
                                                                      Clerk of the Court