■ In the Matter of MARCHELLA P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LORETTA B.-B. et al., Appellants, et al., Respondent. (Proceeding No. 1.) In the Matter of TYEQAIL E. P., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LORETTA B.-B. et al., Appellants, et al., Respondent. (Proceeding No. 2.) In the Matter of TYEMEL J.P., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LORETTA B.-B. et al., Appellants, et al., Respondent. (Proceeding No. 3.) [28 NYS3d 413]—

Appeals from (1) an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated July 23, 2012, (2) an order of fact-finding of that court dated July 8, 2013, and (3) an order of disposition of that court dated March 28, 2014. The order of fact-finding dated July 23, 2012, insofar as appealed from, upon granting the petitioner's motion for summary judgment, found that the maternal grandmother Loretta B.-B. derivatively abused the children Tyemel P. and Tyeqail P. The

order of fact-finding dated July 8, 2013, after a hearing, found that the father neglected the children Marchella P., Tyemel P., and Tyeqail P., and also derivatively neglected the children Tyemel P. and Tyeqail P. The order of disposition, after a hearing, and upon the father's failure to appear at the dispositional hearing, among other things, directed supervised visitation between the father and the children Tyemel P. and Tyeqail P.

Ordered that the appeals from the orders of fact-finding dated July 23, 2012, and July 8, 2013, respectively, are dismissed, without costs or disbursements, as those orders were superseded by the order of disposition and are brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the father's appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (*see* CPLR 5511; *Matter of Yu F. [Fen W.]*, 122 AD3d 761, 762 [2014]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In September 2010, four-year-old Marchella P. died while in the care of her mother and maternal grandmother, Loretta B.-B. (hereinafter the maternal grandmother). Based upon the autopsy results, the manner of her death was a homicide, and the cause of death was child abuse syndrome, acute drug poisoning, blunt impact injuries, and malnutrition with dehydration. Thereafter, the Administration for Children's Services (hereinafter ACS) filed petitions against Marchella P.'s mother and the maternal grandmother, alleging that they abused Marchella P. and derivatively abused her brothers Tyemel P. and Tyeqail P., and that the father neglected Marchella P. and derivatively neglected Tyemel P. and Tyeqail P. ACS further alleged that the father neglected all three children based upon his misuse of marijuana.

Subsequently, the maternal grandmother was convicted of manslaughter in the second degree, unlawful imprisonment in the second degree, and endangering the welfare of a child in connection with Marchella P.'s death. Following her conviction, ACS moved for summary judgment against the maternal grandmother. Her counsel did not oppose the motion. In an order of fact-finding dated July 23, 2012, the Family Court found, inter alia, that the maternal grandmother abused Marchella P., and derivatively abused Tyemel P. and Tyeqail P. In an order dated July 8, 2013, after a fact-finding hearing, the court found that the father neglected Marchella P., derivatively

neglected Tyemel P. and Tyeqail P., and neglected all three children due to his repeated misuse of marijuana. After completing a permanency hearing, the Family Court conducted a dispositional hearing at which the father failed to appear. In an order of disposition dated March 28, 2014, the Family Court directed supervised visitation between the father and Tyemel P. and Tyeqail P., and placed those children in the custody of the Commissioner of Social Services until the completion of the next permanency hearing. The maternal grandmother appeals from the order of fact-finding dated July 23, 2012, and the order of disposition, and the father appeals from the order of fact-finding dated July 8, 2013, and the order of disposition.

Contrary to the maternal grandmother's contentions, she was not deprived of the effective assistance of counsel. The maternal grandmother's criminal convictions during the period of time that Tyemel P. and Tyeqail P. were present in her home and also being cared for by her demonstrates that any argument her counsel could have made in opposition to summary judgment on the issue of her derivative neglect of those children would have had little or no likelihood of success (*see People v Caban*, 5 NY3d 143, 152 [2005]; *Matter of Assatta N.P. [Nelson L.]*, 92 AD3d 945, 945 [2012]).

Since the order of disposition appealed from was made upon the father's default, review on his appeal is limited to matters which were the subject of contest in the Family Court (*see Matter of Yu F. [Fen W.]*, 122 AD3d 761, 762 [2014]; *Matter of Smith v Howard*, 113 AD3d 781, 781 [2014]). Moreover, his appeal from so much of the order of disposition as directed supervised visitation between the father and Tyemel P. and Tyeqail P. is academic, since that portion of the order of disposition has been superseded by two subsequent orders of the Family Court, both of which modified the father's visitation with those children (*see Matter of Abigail R. [Ishwardat R.]*, 125 AD3d 780, 780 [2015]; *Matter of Breeyanna S.*, 52 AD3d 342, 342 [2008]). Accordingly, on the father's appeal, review is limited to the Family Court's findings of neglect and derivative neglect.

ACS demonstrated by a preponderance of the evidence that the father neglected Marchella P., since the father knew or should have known of the abuse inflicted upon Marchella P. by the mother and maternal grandmother, and failed to take any action to protect Marchella P. (*see Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 891 [2012]; *Matter of Aliciya R.*, 56 AD3d 784 [2008]; *Matter of Alysha M.*, 24 AD3d 255, 255 [2005]; *Matter of Rayshawn R.*, 309 AD2d 681, 682 [2003]). Moreover, given the father's failure to exercise a minimum degree of care as to

Marchella P., ACS also proved by a preponderance of the evidence that he derivatively neglected Tyemel P. and Tyeqail P. (*see Matter of Ishaq B. [Lea B.]*, 121 AD3d 889, 889 [2014]; *Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 679 [2014]; *Matter of Daniel W.*, 37 AD3d 842, 843 [2007]; *Matter of Diamond K.*, 31 AD3d 553, 554 [2006]).

Contrary to the father's contention, the Family Court's finding that he neglected all three children based upon his misuse of marijuana is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [a] [iii]). Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.