██ In the Matter of KIAMAL E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KIM R., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ESTHER E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KIM R., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of TREVOR E., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KIM R., Appellant, et al., Respondent. (Proceeding No. 3.) [30 NYS3d 830]—

Appeals from (1) an order of fact-finding of the Family Court, Kings County (Daniel Turbow, J.), dated March 26, 2015, and (2) an order of disposition of that court, also dated March 26, 2015. The order of fact-finding, after a hearing, found that the mother neglected the children Kiamal E. and Trevor E., Jr., and, in effect, derivatively neglected the child Esther E. The order of disposition placed the children in the custody of the Commissioner of Social Services.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

This appeal arises from a finding that the mother, Kim R., neglected her two sons, Kiamal E. and Trevor E., Jr., and derivatively neglected her daughter, Esther E., by failing to ensure that Kiamal E. and Trevor E., Jr., regularly and timely attended school.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject children were neglected" (*Matter of Khalil M. [Ebony A.]*, 94 AD3d 1003, 1003 [2012]; *see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Joyitha M. [Reshmi M.]*, 121 AD3d 900, 901 [2014]). Here, the evidence at the fact-finding hearing established that the mother neglected the children Kiamal E. and Trevor E., Jr., by failing to supply them with an adequate education (*see* Family Ct Act § 1012 [f] [i] [A]). The petitioner met its burden by submitting evidence that Kiamal E. and Trevor E., Jr., both had excessive school absences and tardiness, which had a detrimental impact on their academic development (*see Matter of Joyitha M. [Reshmi M.]*, 121 AD3d at 901; *Matter of Jadaquis B. [Sameerah B.]*, 116 AD3d 448, 448 [2014]; *Matter of Teresa L. [Tina L.]*, 106 AD3d 1008, 1009 [2013]; *Matter of Khalil M. [Ebony A.]*, 94 AD3d at 1003; *Matter of Santino B. [Lisette C.]*, 93 AD3d 1086, 1088 [2012]). Contrary to the mother's contention, she failed to offer credible evidence in support of a reasonable justification for the children's absences and tardiness (*cf. Matter of Jennifer N.*, 173 AD2d 971 [1991]).

The evidence at the hearing also supported the Family Court's finding that the mother derivatively neglected the child Esther E. (*see* Family Ct Act § 1046 [a] [i]; *Matter of John N.*, 19 AD3d 497, 499 [2005]). Rivera, J.P., Austin, Roman and Cohen, JJ., concur.