Matter of McKain W. (Coreen M.) (2018 NY Slip Op 00156)





Matter of McKain W. (Coreen M.)


2018 NY Slip Op 00156


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-01741
2017-01744
 (Docket No. N-5239-15)

[*1]In the Matter of McKain W. (Anonymous). Administration for Children's Services, respondent; Coreen M. (Anonymous), appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Susan Paulson of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Sara H. Reisberg of counsel), attorney for the child.



DECISION & ORDER
Appeals from (1) an order of fact-finding of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated August 24, 2016, and (2) an order of disposition of that court (Diane Costanzo, J.), dated January 24, 2017. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child. The order of disposition, after a dispositional hearing, returned the child to the custody of the mother with supervision by the Administration for Children's Services for 12 months.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected her child by failing to provide her with adequate education as demonstrated by the child's excessive absences from school. After a fact-finding hearing, the Family Court found that the mother had neglected the child.
At a fact-finding hearing in an abuse or neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Mariah C. [Frey C.-M.], 84 AD3d 1372; Matter of Isaac J. [Joyce J.], 75 AD3d 506, 506-507). Here, contrary to the mother's contention, the Family Court's determination that she neglected the child by failing to provide her with an adequate education was supported by a [*2]preponderance of the evidence. The petitioner met its prima facie burden of establishing educational neglect by submitting unrebutted evidence of excessive school absences combined with the child's failing grades (see Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901; Matter of Eric C. [Barbara C.], 79 AD3d 1037; Matter of John N., 19 AD3d 497, 498; Matter of Fatima A., 276 AD2d 791). The mother failed to offer a reasonable justification for the absences and did not actively engage with the school or the child's teacher in planning alternative means for the child's education (see Matter of Joyitha M. [Reshmi M.], 121 AD3d at 901; Matter of Alexander D., 45 AD3d 264; Matter of Amanda K., 13 AD3d 193, 194).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court