Matter of Stephen L. (Patrick S. L.) (2018 NY Slip Op 03834)





Matter of Stephen L. (Patrick S. L.)


2018 NY Slip Op 03834


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-10090
 (Docket No. N-633-15)

[*1]In the Matter of Stephen L. (Anonymous), Jr. Westchester County Department of Social Services, respondent; Patrick S. L. (Anonymous), appellant.


Christina T. Hall, Harrison, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent.
Robin D. Carton, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Arlene E. Katz, J.), dated August 4, 2016. The order of fact-finding and disposition, after a fact-finding hearing, and upon the father's failure to appear at a dispositional hearing, found that the father neglected the subject child, continued the placement of the subject child in the custody of the petitioner until the completion of the next permanency hearing, and placed the father under the supervision of the petitioner until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of fact-finding and disposition as continued the placement of the subject child in the custody of the petitioner until the completion of the next permanency hearing and placed the father under the supervision of the petitioner until the completion of the next permanency hearing is dismissed, without costs or disbursements; and it is further,
ORDERED the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
Since the order of fact-finding and disposition appealed from was made upon the father's failure to appear at a dispositional hearing, review is limited to matters which were the subject of contest in the Family Court, and therefore, we do not pass on the merits of the dispositional arrangement (see Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1288). Moreover, any challenge to the dispositional portion of the order of fact-finding and disposition would be academic inasmuch as the disposition has expired by its own terms (see Matter of Yu F. [Fen W.], 122 AD3d 761, 762). Accordingly, on this appeal, review is limited to the Family Court's finding that the father neglected the subject child.
At a fact-finding hearing in an abuse or neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the [*2]subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901; Matter of Mariah C. [Frey C.-M.], 84 AD3d 1372; Matter of Isaac J. [Joyce J.], 75 AD3d 506, 506-507). Here, contrary to the father's contention, the Family Court's finding that he neglected the subject child was supported by a preponderance of the evidence. The evidence adduced at the fact-finding hearing established, inter alia, that the father maintained the child's home in a deplorable and unsanitary condition and failed to provide the child with adequate food (see Matter of Joyitha M. [Reshmi M.], 121 AD3d at 901; Matter of Mariah C. [Frey C.-M.], 84 AD3d at 1373; Matter of Isaac J. [Joyce J.], 75 AD3d at 507; Matter of Lauren R., 18 AD3d 761; Matter of Todd D., 9 AD3d 462, 463; Matter of Jessica DiB., 6 AD3d 533, 534).
The father's remaining contention, regarding the propriety of an order dated January 16, 2015, directing the temporary removal of the child pursuant to Family Court Act § 1022, is academic, as that order was superseded by the order of fact-finding and disposition appealed from (see Matter of Piper S., 159 AD3d 913; Matter of Bruce P., 138 AD3d 864).
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court