Matter of Kieara N. (Shasha F.) (2018 NY Slip Op 08306)





Matter of Kieara N. (Shasha F.)


2018 NY Slip Op 08306


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-09389
2017-09390
 (Docket Nos. N-13896-15, N-13897-15, N-13898-15)

[*1]In the Matter of Kieara N. (Anonymous). Administration for Children's Services, respondent; Shasha F. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Keyana N. (Anonymous). Administration for Children's Services, respondent; Shasha F. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Nayquan N. (Anonymous). Administration for Children's Services, respondent; Shasha F. (Anonymous), appellant. (Proceeding No. 3)


Salvatore C. Adamo, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Carolyn Walther and Jessica Miller of counsel), for respondent.
Steven P. Forbes, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Barbara Salinitro, J.), dated June 21, 2016, and (2) an order of disposition of the same court (Lillian Wan, J.) dated August 8, 2017. The order of fact-finding, after a hearing, found that the mother neglected the subject children. The order of disposition, after a hearing, and upon the mother's failure to appear at the dispositional hearing, awarded custody of the subject children to the maternal grandmother.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1287); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Since the order of disposition appealed from was made upon the mother's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1287; Matter of Yu F. [Fen W.], 122 AD3d 761; Matter of Smith v Howard, 113 AD3d 781, 781). Accordingly, on these appeals, review is limited to the Family Court's finding that the mother neglected the subject children.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children by failing to provide them with adequate shelter and that she neglected the child Keyana N. by failing to provide that child with an adequate education, as demonstrated by the child's excessive school absences and tardiness. After a fact-finding hearing, the Family Court found that the mother neglected the children.
To establish educational neglect, a petitioner is required to prove by a preponderance of the evidence that a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" due to the parent's failure to exercise a minimum degree of care in providing the child with an adequate education (Family Ct Act § 1012[f][i][A]; see Family Ct Act § 1046[b][i]). Here, the petitioner established that the mother neglected Keyana N. by failing to provide that child with an adequate education. The petitioner met its prima facie burden of establishing educational neglect by submitting unrebutted evidence of the child's excessive school absences and tardiness along with the child's failing grades (see Matter of McKain W. [Coreen M.], 157 AD3d 708, 708-709; Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901). The mother did not offer any evidence in support of a reasonable justification for the child's absences, tardiness, or failing grades (see Matter of Jamel N.A. [Nijer S.J.], 161 AD3d 1070, 1070; Matter of Kiamal E. [Kim R.], 139 AD3d 1062, 1063; Matter of Khalil M. [Ebony A.], 94 AD3d 1003, 1003).
Moreover, the evidence adduced at the fact-finding hearing established that the mother maintained the children's home in a deplorable and unsanitary condition (see Matter of Mariah C. [Frey C.-M.], 84 AD3d 1372, 1372-1373; Matter of Isaac J. [Joyce J.], 75 AD3d 506, 507; Matter of Lauren R., 18 AD3d 761; Matter of Todd D., 9 AD3d 462, 463).
Accordingly, we agree with the Family Court's finding that the mother neglected the children.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court