Matter of Isaac V. D. L. R. (Maria D. L. R.) (2019 NY Slip Op 05544)





Matter of Isaac V. D. L. R. (Maria D. L. R.)


2019 NY Slip Op 05544


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-10081
 (Docket No. N-11611-17)

[*1]In the Matter of Isaac. D. L. R. (Anonymous). Administration for Children's Services, respondent; Maria D. L. R. (Anonymous), appellant.


David Laniado, Cedarhurst, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and John Moore of counsel; Anthony Schaeffer on the brief), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel; Jonathan Chazen on the brief), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Erik S. Pitchal, J.), dated July 9, 2018. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by, inter alia, failing to provide him with an adequate education. After a fact-finding hearing, the Family Court found that the mother had neglected the child.
To establish educational neglect, a petitioner is required to prove by a preponderance of the evidence that a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" due to the parent's failure to exercise a minimum degree of care in providing the child with an adequate education (Family Ct Act § 1012[f][i][A]; see Family Ct Act § 1046[b][i]).
Here, contrary to the mother's contention, the Family Court's determination that she neglected the child by failing to provide him with an adequate education was supported by a preponderance of the evidence. The petitioner submitted unrebutted evidence of excessive school absences, and the mother failed to offer a reasonable justification for the absences (see Matter of Eric C. [Barbara C.], 79 AD3d 1037; Matter of John N., 19 AD3d 497, 498-499). Moreover, despite her claims that the child was being home-schooled, the mother acknowledged that she had not received permission to home-school him from the New York City Department of Education, and failed to submit any evidence indicating that the schooling she allegedly provided was, in any manner, in accordance with the requirements of the New York City Department of Education (see Matter of Amanda K., 13 AD3d 193, 194; Matter of Fatima A., 276 AD2d 791, 792; Matter of Franz, 55 AD2d [*2]424).
The mother's remaining contention is not properly before this Court.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court