Matter of Justyn H. (Laverne H.) (2021 NY Slip Op 01044)





Matter of Justyn H. (Laverne H.)


2021 NY Slip Op 01044


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-13359
 (Docket No. N-5271-17)

[*1]In the Matter of Justyn H. (Anonymous). Westchester County Department of Social Services, respondent; Laverne H. (Anonymous), appellant.


Peter D. Herger, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent.
Rosalie Leslie, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated March 14, 2019. The order of disposition, upon an order of fact-finding dated September 12, 2018, made after a fact-finding hearing, finding that the mother neglected the subject child, after a dispositional hearing, and upon the mother's failure to appear at the dispositional hearing, awarded sole legal and physical custody of the child to the child's father. The notice of appeal from the fact-finding order dated September 12, 2018, is deemed to be a premature notice of appeal from the order of disposition dated March 14, 2019 (see CPLR 5520[c]).
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest below (see CPLR 5511; Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1287); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Since the order of disposition was made upon the mother's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 931; Matter of Marchella P. [Loretta B.-B.], 137 AD3d at 1287). Accordingly, review is limited to the court's finding that the mother neglected the subject child.
In August 2016, the child's father filed a petition for sole legal and physical custody of the child. In March 2017, the child's mother filed a petition for sole legal and physical custody of the child. In May 2017, the Westchester County Department of Social Services filed a neglect petition against the mother, alleging, inter alia, that she demonstrated an impairment of parental judgment that placed the child at imminent risk of harm through her maintenance of her housing unit [*2]at the Coachman Family Shelter, which contained excessive amounts of clutter and spoiled food. After a fact-finding hearing in the neglect proceeding, the Family Court found that the mother neglected the child. After a dispositional hearing, at which the mother did not appear, the court awarded sole legal and physical custody of the child to the child's father.
At a fact-finding hearing in an abuse or neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901). Here, contrary to the mother's contention, the Family Court's finding that she neglected the child was supported by a preponderance of the evidence. "The evidence adduced at the fact-finding hearing established that the mother maintained the [child's] home in a deplorable and unsanitary condition" (Matter of Joyitha M. [Reshmi M.], 121 AD3d at 901; see Matter of Lauren R., 18 AD3d 761, 761; Matter of Nathifa B., 294 AD2d 432, 433).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court