Spata v Kelly (2023 NY Slip Op 04331)

Spata v Kelly

2023 NY Slip Op 04331

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-06154
 (Index No. 17657/14)

[*1]Stacey Spata, respondent,
v
James Kelly, appellant.

James Kelly, Selden, NY, appellant pro se.
Paraskevi Zarkadas, Centereach, NY, attorney for the children.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated April 7, 2017, the defendant appeals from stated portions of an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated July 22, 2021. The order, insofar as appealed from, after a hearing, inter alia, denied the defendant's motion for parental access.
ORDERED that the appeal from so much of the order as denied that branch of the defendant's motion which was for parental access to his eldest child is dismissed as academic, without costs or disbursements, since that child has reached the age of 18 years; and it is further,
ORDERED that the appeal from the remainder of the order is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1288); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The parties were divorced by judgment dated April 7, 2017, and have two children, one of whom has reached the age of 18 years. By order dated November 3, 2017, the defendant's parental access was suspended pending a mental examination. In an order dated November 19, 2019, the defendant's parental access was again suspended, pending a mental health evaluation. In September 2020, the defendant moved for parental access, and the matter was scheduled for a hearing. On December 23, 2020, the defendant appeared and informed the Supreme Court that he intended to live-stream the proceedings. The court informed the defendant that the only recording of the proceedings would be made by the official court reporter. When the defendant refused to comply with the court's directive, the matter was adjourned. By order dated February 22, 2021, the defendant was advised that if he continued to express an intent to record the proceedings, he would be removed from the courtroom, and found in default.
When the parties appeared for the hearing on June 29, 2021, the Supreme Court asked the defendant if he was recording the proceedings, and he refused to answer based upon his constitutional right against self-incrimination. At that juncture, the defendant was directed to leave the courtroom, and the court ruled that he was in default pursuant to 22 NYCRR 202.27. In an order [*2]dated July 22, 2021, the court, inter alia, denied the defendant's motion for parental access. The defendant appeals.
"Since the order . . . appealed from was made upon the [defendant's] default, review on his appeal is limited to matters which were the subject of contest" (Matter of Marchella P. [Loretta B.-B.], 137 AD3d at 1288). Moreover, his appeal from so much of the order as denied him parental access to his eldest child is academic, since that child has reached the age of 18 years (see Matter of Seoane v Nunez, 187 AD3d 926).
Contrary to the defendant's contention, he had no right to record the proceedings, without proper authorization (see Civil Rights Law § 52; 22 NYCRR 29.1; Matter of Schorr, 166 AD3d 115, 116). Those restrictions did not violate the United States Constitution or the New York State Constitution (see Courtroom Tel. Network LLC v State of New York, 5 NY3d 222).
Further, contrary to the defendant's contention, since this case involves a civil proceeding, his constitutional right against self-incrimination was not violated (see US Const, 5th Amend; NY Const, art I, § 6; El-Dehdan v El-Dehdan, 114 AD3d 4, 19, affd 26 NY3d 19).
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court